St. Louis, Iron Mountain & Southern Ry. Co. v. Vincent.

1. INSTRUCTIONS:

   Instructions should be hypothetical. The court should not instruct the jury to find for either party when there is any evidence proper for their consideration.

2. NEGLIGENCE: *Railroad killing stock: Burden of proof.*

   The burden, under our statute, is upon the railroad company to show reasonable care and diligence in cases of killing stock.

St. Louis, Iron Mountain and Southern Railway Company v. Vincent.

3. SAME: *Injury done in a fog.*
Imperfect light and fog at the time of killing stock by a railroad train, are circumstances that the jury may take into consideration in determining negligence.

4. SAME: *Amount of diligence required.*
An instruction requiring a railroad company to *use all the means in its power* to avoid the killing of stock, is too unlimited. They are held to *reasonable* care and diligence, to be determined according to the nature of the danger and the magnitude of the injury to be avoided.

5. PRACTICE IN SUPREME COURT: *Instructions not excepted to in circuit court.*
If an erroneous instruction is not objected to in the circuit court, this court will not reverse for its error.

APPEAL from *Hot Spring* Circuit Court.
Hon. J. M. SMITH, Circuit Judge.

*George H. Benton,* for appellant:
Court should have instructed the jury to find for the defendant, on the proof of due care; and the unavoidable nature of the accident was clear and uncontradicted. *Vol. 5 Reporter, p.* 636; 1 *Red. L. of Railways, p.* 477; *Sher. & Red. on Neg., p.* 13; 1 *Wall.,* 369; 11 *How.,* 372; 19 *ib.,* 269; 22 *Wall.,* 253; 31 *Miss.,* 176; 21 *Barb.,* 489; 27 *Vt.,* 643; 57 *Penn.,* 172; 56 *Ind.,* 294; 56 *Ga.,* 73; 75 *Ill.,* 577.

Duty of railroads as to cattle, is to exercise reasonable care against injury when they are discovered to be on the track. *Wharton on Neg., secs.* 397–8, 883, 893, 345, 894, 592, 897; 1 *Red. L. of Railways, secs.* 498, 361, 472; 13 *Ohio,* 66; 3 *ib.,* 185; 4 *ib.,* 474, 443; 10 *ib.,* 66; 19 *Penn. St.,* 298; 49 *ib.,* 101; 56 *ib.,* 294; 57 *ib.,* 17; 31 *Miss.,* 176; 42 *ib.,* 606; 43 *ib.,* 238; 66 *ib.,* 573; 30 *Ga.,* 911; 33 *ib.,* 110; 48 *ib.,* 73; 56 *ib.,* 542, 824, 457; 59 *ib.,* 73; 17 *Ill.,* 133, 580; 16 *ib.,* 198; 75 *ib.,* 577; 18 Cal., 351; 37 *ib.,* 417; 49 *ib.,* 250; 6 *Ind.,* 141; 8 *ib.,* 402; 10 *ib.,* 392; 27 *Con.,* 398; 19 *ib.,*

St. Louis, Iron Mountain and Southern Railway Company v. Vincent.

366; 23 *ib.*, 101; 12 *Md.*, 257; 17 *ib.*, 32; 28 *N. H.*, 161; 55 *ib.*, 552; 47 *ib.;* 391; 29 *Me.*, 307; 25 *Kan.*, 353; 98 *Mass.*, 560; 121 *ib.*, 460, 454; 14 *B. Mon.*, 75; 3 *Bush.*, 49; 15 *La. An.*, 105; 26 *Texas*, 604; 27 *Vt.*, 49; 25 *ib.*, 116, 150; 22 *ib.*, 875; 31 *N. J. L.*, 229; 5 *Denio*, 255; 4 *N. Y.*, 349; 11 *Barb.*, 112; 32 *ib.*, 568; 211 *ib.*, 489; 26 *N. Y.*, 428; 35 *N. Y.*, 641; 26 *Ia.*, 549; 11 *Minn.*, 350; 5 *Rep.*, 597.

The second instruction asked was correct, 16 *Ark.*, 326.

*Hawes H. Coleman*, for appellee:

Argued upon evidence and instructions.

EAKIN, J. There were no pleadings in this case. It seems that Vincent sued the company before a justice of the peace, for the value of two oxen, and recovered $75. There was an appeal to the circuit court, the transcript from which shows, that there was a trial by a jury, which found for the plaintiff, and assessed his damages at $70, for which he had judgment with costs. There was a motion for a new trial, bill of exceptions and appeal. The grounds of the motion are, that the court erred in refusing certain instructions, and that the verdict is contrary to law, and not supported by evidence.

The evidence showed that the two oxen were, one of them, killed, and the other crippled by a railroad train of defendant's; that plaintiff abandoned the crippled ox, and the agents of the company took care of it for whom it might concern, disclaiming property. That it is now worth twenty dollars. There was some evidence to show due care on the part of defendant to avoid the accident. The witnesses variously estimate the value of the two oxen, together, at from $40 to $80.

St. Louis, Iron Mountain and Southern Railway Company v. Vincent.

The court refused, on defendant's motion, to instruct the jury positively to find for the defendant; or,

2. That defendant is not liable, "unless the jury is satisfied that the defendant, or its employees, did not exercise reasonable care and diligence to prevent the accident, after discovering the danger to which the stock was exposed;" or,

3. That, if the jury found the facts so to be, they might, in determining negligence, take into consideration the circumstance that the killing occurred in the dawn of the morning, and that it was foggy.

Plaintiff asked no instructions, but the court, of its own motion, directed the jury that if the defendant used *all* *the means within its power*, under the circumstances, to avoid the injury, it would not be liable; and, in coming to a conclusion on this point, the jury might consider the time, the rate of speed, the means employed to avoid the injury, and all the other circumstances detailed in evidence. They were further advised that it was their exclusive province to pass upon the testimony of witnesses, giving it such weight as they might think it entitled to. This was the substance and effect of the voluntary instruction, and the points were made very clear.

These instructions, by the court itself, were oral. No exceptions were taken to them, nor are they made any part of the grounds of a motion for a new trial.

OPINION.

1. INSTRUC-
TIONS:
Should be
hypotheti-
cal.
The first instruction asked by defendant was obviously improper. Whether such an instruction should be ever given to a jury may be matter of question; but certainly they should not be instructed to find either way where there is any evidence proper for their consideration. Instructions should be hypothetical.

The second was properly refused. The burden, under our statute, is upon the railroad to show reasonable care and diligence to exonerate them, in cases of killing stock. The instruction is so framed as to cast the *onus* on the plaintiff.

2. RAILROAD KILLING STOCK: Burden of proof as to negligence.

As to the third, it is good law. Imperfect light and fog are circumstances which a jury may well take into account in determining negligence. But, *upon this point*, the instruction voluntarily given by the court is better, as granting all defendant asked and being more comprehensive. It fully averted any prejudicial effect of refusing the third instruction. We may remark, in passing, that we observe an error in the oral instruction, which it might mislead to pass *sub silentio*. The railroad was bound to show *reasonable* care and diligence, appropriate to the subject-matter, to avoid killing the stock; not to use *all means within its power*. Such a phrase is unlimited, and might impose on railroads such expensive precautions and low rates of speed, as to make it impracticable to run them with profit. They are considered as beneficial to the people, and held to *reasonable* care, to be determined according to the nature of the danger, and the magnitude or distressing nature of the injuries to be avoided. Where human life or limb is concerned, they are held to the greatest care. Notwithstanding this defect in the instruction, we can not act upon it here, as it was not excepted to at the time, nor made ground of motion for a new trial.

3. NEGLIGENCE: Injury done in a fog.

4. DILIGENCE: Amount required of railroad.

It was for the jury to say whether due care and diligence was used. They found not, and we can not say that the evidence that there was, should have been taken as satisfactory.

The jury, and the parties seem to have considered this case, as if the property in the surviving ox had vested in the company. Upon that point, no further remarks are

required, as excess of damage is not made a special ground for a new trial.

We find no error in refusing the instructions, nor in the verdict, as being contrary to law and evidence, for any reason assigned.

Affirm.