## BOYINGTON *v.* VAN ETTEN.

### Opinion delivered February 15, 1896.

CORPORATION—LIABILITY OF STOCKHOLDERS.—In an action to recover from the individual stockholders of a corporation money loaned to the corporation, it is error to instruct the jury to find for plaintiff where the evidence showed that he dealt with and recognized the corporation as such, that it was a corporation duly organized under the laws of another state, that defendants did not owe plaintiff or the corporation anything, and had never had any dealings with plaintiff, except as officers of the corporation.

FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS IN STATE.—A corporation organized in another state may transact business in this state, subject to the conditions prescribed with reference to foreign corporations.

APPEAL.—BRINGING UP THE EVIDENCE.—Where it is assigned as error that the court erred in directing a verdict for the plaintiff, it is not necessary that the bill of exceptions contain all of the evidence, it being sufficient to show that there was some evidence on the part of defendant.

Appeal from Pulaski Circuit Court.

WILBUR F. HILL, Special Judge.

*P. C. Dooley* for appellants.

1.   The bill of exceptions does not expressly state that it contains *all the evidence*, but it contains expressions from which it may be inferred that it contains all the evidence, and this is sufficient.   35 Ark. 450.   At least, there is evidence enough set out to show that the court erred in taking the case from the jury, and in directing a verdict for plaintiff.   57 Ark. 466 ; 39 *id.* 451 ; *id.* 491; *id.* 413.   From these authorities, if there was any legal evidence to establish the defenses relied on, the direction was improper.

2.   Having dealt with and recognized the company as a foreign corporation, knowing it to be such, and having sued it as such, and obtained judgment against it as such, which judgment they are now seeking to enforce, plaintiff cannot now be heard to say that it is not a corporation.   57 Ark. 632; 58 *id.* 103; 20 A. & E. Ry. Cases, 523-8; 100 U. S. 61; Bigelow, Estop. (3 ed.), 464-5, and 537, and note; 5 Col. 282-5; 21 N. Y. 542; 2 Mor. Corp. sec. 756; 21 N. E. 12; 95 U. S. 665; 2 Beach, Priv. Corp. sec. 866; 27 Oh. St. 343; 2 L. Raym. 1535; 14 Johns. 238; 24 N. Y. 209; 11 Cush. 289; Angell & Ames Corp. secs. 70, 518; 1 Johns. Cas. 132; 8 Johns. 378; 16 Mass. 94; Mor. Corp. (2 ed.) sec. 756, 661-5; 1 Beach, sec. 290; *ib.* secs. 383-4; 2 *id.* sec. 866.   That one dealing with a *de facto* corporation is estopped to deny its legal existence is well settled.   15 N. E. 311; 40 N. W. 771; 8 So. 608; 21 N. E. 981; 41 N. W. 466; 21 Pac. 500; 22 Fed. 197; 147 Mass. 224.   No one other than the

state can question the corporate existence of a foreign corporation. In an early case, 12 N. J. Eq. 31, the rule was stated otherwise, but the later decisions hold in harmony with the cases cited above. 48 N. J. L. 599; 128 N. Y. 220; 34 *id.* 215; 1 Wood, sec. 289; 23 Oh. St. 622; 35 *id.* 158; 128 *id.* 205; 96 U. S. 369; Cook on Stock, etc.; sec. 237; 104 U. S. 12; 1 Beach, Priv. Corp. sec. 164.

*Cockrill & Cockrill* and *Blackwood & Williams* for appellee.

1. The bill of exceptions nowhere states that all the evidence is set out. Thus, it will be presumed that *every fact* was proved that is necessary to sustain the judgment. 44 Ark. 76; 59 *id.* 251; 38 *id.* 106; 58 *id.* 103.

2. In the absence of a bill of exceptions, this court will presume that the evidence was not *legally* sufficient to sustain a verdict, and that the trial court properly directed the jury to find for the prevailing party. 57 Ark. 465–8.

3. Plaintiff was not estopped to deny the corporate existence of the lumber company. 15 S. W. 200; 27 La. An. 607; 45 N. Y. 410, 414; 40 Oh. St. 9. It may be shown that the prescribed method of being incorporated was not complied with. Cook, Stock, etc., (1 Ed.) sec. 233; 73 Ill. 107; 4 Neb. 616; 12 N. J. Eq. 31; 35 Ark. 144; 78 Ind. 344; 56 Iowa, 104; 79 Mo. 410. Unless it be organized legally, a so-called corporation cannot exercise the function of a corporation. 59 Tex. 339, and cases *supra.* No presumption of incorporation arises from the fact that the business was transacted by a president and secretary. 87 Ala. 482; 6 Conn. 302. To work an estoppel, the corporate existence must be admitted in the contract. 23 Tex. 465; 7 Wend. 540; 8 *id.* 480; 15 *id.* 316; 106 Mass. 560; 16 Wend. 607; 26 N. Y. 80.

4. Defendants were liable because they did not comply with the laws of Wisconsin, or of this state. 35

Ark. 144, 380; 15 S. W. 200; 12 N. J. Eq. 31; Cook, Stock & St., etc., sec. 238; 6 Kas. 245; Morawetz, Priv. Corp. sec. 513; 31 N. J. L. 543.

5. Defendants were personally liable by reason of the corporation migrating, contrary to secs. 1322–5, Sand. & H. Digest. Beach, Priv. Corp. sec. 164; 5 Nat. Corp. Rep. 581; 20 Ind. 492; 38 Barb. (N. Y.) 574; 6 Kas. 235; 11 Humph. 1; 12 N. J. Eq. 31; 148 Mass. 244; 86 Mo. 382; Redfield on Railways, sec. 17 *a*.

BUNN, C. J. This is a suit and attachment against W. E. Boyington and V. P. Atwell, under the firm name and style of Boyington & Atwell, and also against the Cypress Lumber Company, of which the complaint alleges the said Boyington and the said Atwell were principal members. The allegations of the complaint are substantially to the effect that defendants are indebted to plaintiff in the sum of $6,195.92, for money loaned and advanced to them; that Boyington and Atwell were the principal subscribers to the capital stock of the Cypress Lumber Company, an alleged corporation organized under the laws of Wisconsin, but whose domicile and place of doing business is in Arkansas, and the said Boyington and Atwell have each failed to pay in their part of the capital stock, and there is now due on said capital stock a large sum, viz., ten thousand dollars; that the Cypress Lumber Company failed to file proper constituting instruments required by the law of the state of Wisconsin, or by the law of the state of Arkansas, or to comply with any of the statutory provisions of the state of Wisconsin, or of Arkansas; that all business done by defendants in the name of the Cypress Lumber Company, or of Boyington and Atwell, was really in truth and fact the business of Boyington & Atwell, and managed by them, and was done in the state of Arkansas, and in the counties of Pulaski and Jefferson, of

said state; that they did in said counties a large amount
of business, and the debt sued on herein was contracted
in said counties, and as business carried on therein;
that if defendants were ever protected by any corporate
existence of the Cypress Lumber Company as a corpora-
tion, under the laws of the state of Wisconsin, they
rendered themselves liable as partners by reason of said
Cypress Lumber Company emigrating from said state
of Wisconsin, its original domicil, to the state of Arkan-
sas, and in failing to comply with the statutory pro-
vision of the state of Arkansas. Wherefore plaintiff
prays judgment.

An attachment was sued out, and the individual
property of Boyington and Atwell attached.

Boyington and Atwell demurred, and this was sus-
tained as to the non-payment of the shares of the capital
stock by defendants, and overruled as their individual lia-
bility for the debts of the corporation. They then an-
swered that they had no business dealings with the plain-
tiff at any time; that he had at no time loaned them money;
that it is not true that they (the defendants) were the
principal stockholders in the Cypress Lumber Company,
if by that is meant that they own most of the stock; that
it is not true that they had not paid up their subscribed
stock; that they together never owned more than one
share over one-half of the capital stock, and that all this
has long since been paid up, and that they now owe noth-
ing to the corporation; that the Cypress Lumber Com-
pany was a corporation formed under the laws of Wis-
consin, for the transaction of such business as it was en-
gaged in in the states of Wisconsin and Arkansas; that it
was formed in strict compliance with the requirements
of the laws of Wisconsin for the formation of such cor-
porations, and had complied with all the requirements of
the laws of Arkansas imposed on foreign corporations
doing business in this state, and it was, while doing busi-

ness in Arkansas, a valid corporation; that J. N. Boyington was treasurer, and James A. Brown was vice-president, W. E. Boyington was president, and V. P. Atwell was secretary; that defendants had no business relations with plaintiff, except for the Cypress Lumber Company, and as officers of the same; that plaintiff, in a long course of dealing with the Cypress Lumber Company, a corporation organized under the laws of Wisconsin, recognized and treated it as such, which it really was; and pleaded that he is estopped now to deny its corporate existence.

When the evidence was all in, the court below, on motion of plaintiff, instructed the jury to return a verdict for plaintiff, which was done, and judgment for the debt and on the attachment was rendered by the court. Defendants saved exceptions, appealed, and asked leave to tender their bill of exceptions, which was accordingly. done.

<div style="margin-left:2em;">Liability of stockholders of corporation.</div>

There was evidence tending to show that plaintiff had dealt with the Cypress Lumber Company as a corporation, and recognized it as such; that the same was a corporation formed and existing under the laws of Wisconsin; that defendant did not owe plaintiff anything individually, and never had any dealings with him, except as officers and members of the corporation; that they were owing nothing to the corporation. It is, therefore, difficult to see how the court below could take the case from the jury and direct a verdict against the defendant.

<div style="margin-left:2em;">Right of foreign corporation to do business in state.</div>

That a corporation should transact business in another state, unless such corporate business is prohibited in the one state or the other, or both, is not only no ground to treat it as an invalid corporation, but the transaction of such business is now very generally encouraged under the usual restrictions. Some of the earlier cases announce a different rule, because such manner of operating was supposed to be somehow fraudu-

lent, as against the states concerned, as in *Hill* v. *Beach* 12 N. J. Eq. 31; but the decided weight of the more recent authorities is in support of the more liberal policy, and dealing with the subject as one growing out of the comity of states. *Stout* v. *Zulick*, 48 N. J. L. 599; *Merrick* v. *Van Santvoord*, 34 N. Y., 208; *Saltmarsh* v. *Spaulding*, 147 Mass. 224; *Hanna* v. *Int. Petroleum Co.* 23 Ohio St. 622; *Second National Bank* v. *Hall*, 35 Ohio St. 158, and numerous others.

When once regularly formed in a foreign state, until dissolved according to the laws of that state, the existence of a corporation cannot be destroyed, or even called in question, except to ascertain the fact of its existence at home, by the courts of this state. At least such seems to be the reasonable doctrine. Such a corporation may be forbidden to enter this state at all, and is forbidden by legislative enactment to do business here except on conditions, but that is all. There is no law making such null and void when attempting to do business here, without complying with conditions. The law makes their contracts, made in the course of doing business, void as against citizens.

The objection that the bill of exceptions does not show that it contained all the evidence is not well founded in a case like this, where the judgment is based on a total want of evidence on the part of defendants, however well founded it might be in a case determined on the weight of evidence. The answer to the objection in this case is that the bill of exceptions shows some evidence on the part of defendant, and when, as in this case, the appeal is taken to correct the error of the lower court in refusing to permit the jury to consider this evidence, whatever may be its weight or value, all the evidence in the case is not needed.

*When not necessary to bring up all the evidence.*

Reversed and remanded for a new hearing.