## JONES *v.* LEWIS.

Opinion delivered February 22, 1909.

1. TRIAL—PRACTICE IN DIRECTING VERDICT.—In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence that is most favorable to the party against whom the verdict is directed. (Page 372.)

2. SAME.—Where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. (Page 372.)

3. CONTRACTS—CONSTRUCTION.—Where the intention of the parties to a written contract does not clearly appear upon its face, the determination of the question should be left to the jury. (Page 373.)

4. COUNTERCLAIM—CONNECTION WITH SUBJECT-MATTER OF COMPLAINT.—In an action for money had and received an answer which alleges that plaintiff has wrongfully secured the arrest of defendant on the false charge of obtaining money under false pretenses and of embezzlement does not allege a proper counterclaim. (Page 374.)

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

*Mark P. Olney,* for appellant.

1. An option to purchase is a continuing offer by the vendor to sell. Its acceptance by the vendee completes the contract. 146 Fed. 8; 8 Am. & Eng. Cases 660; 21 Am. & Eng. Enc. L., (2nd Ed.), 929 and cases cited, note 1; *Id.* 926-929.

2. It was error for the court on its own motion to give a

peremptory instruction in favor of the plaintiff, since there was evidence tending to support the defense set up by the defendant. Hughes, Instruction to Juries, § 140; *Id.* § 141; *Id.* § 124; 30 So. 108; 33 N. Y. S. 55; 35 Ark. 147; 36 Ark. 451; 39 Ark. 413; *Id.* 491; 62 Ark. 63; 84 Ark. 57; 82 Ark. 86; 81 Ark. 337; 80 Ark. 190.

*J. I. Alley* and *Pole McPhetrige,* for appellee.

1. Appellant, being the agent of appellee, was bound in good conscience to disclose to his principal all the facts, and give timely notice thereof. 9 Phila. 164. Harrington acted for appellant in the sale to Andrews. Appellant could not delegate his authority to another. 15 Ark. 52; 10 Ark. 18; 28 Ark. 95. All profits or advantages made by an agent in the discharge of his agency beyond his due compensation belongs to his principal. 1 Parsons on Contracts, 6th Ed., 87, § 89; *Id.* 84, § 84.

2. If appellant was in possession of all the facts in relation to the deal at the time he deeded the lands, and if, the consideration being more than $1000, he voluntarily paid to the defendant a sum greater than the amount agreed upon, then he would be estopped to recover it from defendant. 64 Ark. 217.

FRAUENTHAL, J. The appellee, who was the plaintiff below, instituted this suit against the defendant, and in substance alleged that he was the owner of 125 acres of land, and that in 1907 he employed the defendant to sell the land for him, and that it was agreed that if the land was sold for as much as $1000, the defendant was to have $200, and one Heath, $50, leaving the net sum of $750 for plaintiff. That afterwards the defendant represented that he had sold the land to one Harrington, a resident of Kansas City, Mo., for $1000, and that Harrington had resold the land to one Andrews for $2000, thereby leaving a profit to Harrington of $1000; that, relying on these representations, plaintiff executed a deed for the land to Andrews who paid to plaintiff $2000; and thereupon plaintiff paid over to defendant $1250 to pay over as follows: to Harrington $1000, to defendant $200 and to Heath $50. That later he found that the representations made by defendant as to said sale to Harrington and resale by Harrington to Andrews

were false and made for the purpose of defrauding him. That as a matter of fact Harrington had no interest in the sale, and that the sale was made by defendant for $2000; and that by the above false representations he induced plaintiffs to pay him the $1000; for which sum he asks for judgment against defendant.

The defendant filed an answer denying the material allegations of the complaint; and also filed a cross-complaint in which he alleged that plaintiff had wrongfully secured the arrest of defendant on the false charges of obtaining money under false pretenses and of embezzlement; and prayed for judgment for damages against plaintiff.

The defendant also filed a motion to transfer the cause to the chancery court, which motion was overruled, and to said ruling defendant excepted.

The plaintiff filed a demurrer to the cross-complaint, which was sustained, to which ruling defendant duly excepted.

The cause proceeded to trial with a jury; and a number of witnesses testified on both sides. After the jury had deliberated for a considerable time in endeavoring to arrive at a verdict, they reported that they could not agree upon a verdict. The court thereupon peremptorily directed the jury to return a verdict in favor of the plaintiff for $1000, which was done; and judgment was entered up accordingly, from which this appeal is prosecuted.

It appears from the testimony that the plaintiff owned 165 acres of land, and that in April, 1907, he was contemplating selling same; and defendant, learning of this, spoke to plaintiff about it, and agreed to endeavor to sell the land for him. The plaintiff after some discussion agreed to sell the 165 acres for $1000. Later, the defendant claims that he secured one Heath to agree to purchase 40 acres of the land, and in July, 1907, reported this to plaintiff, who declined to sell the 40 acres. Thereupon, on July 28, 1907, the plaintiff executed to defendant an instrument, styled an "option deed," by which it is provided that, in consideration of one dollar and the undertaking by defendant to pay the sum of $1000 on or before January 1st, 1908, the plaintiff granted and sold the remaining 125 acres of land to defendant, with the further provision that if defendant failed to pay the said sum within said time the conveyance should

to be void and all rights and liabilities thereunder should cease. This instrument was signed also by plaintiff's wife, who therein relinquished dower.  On the following day as the instrument is dated, or on the same day as would appear from its context, the plaintiff and his wife executed the following:

"Board Camp, Polk Co., Ark., July 29, 1907.

"Be it known that we, the undersigned below, promise to pay Morris W. Jones the sum of two hundred and fifty dollars, if he or we sell our land situated in Polk County, Ark., as mentioned in the deed this day between the said M. W. Jones and M. J. Lewis and Maud Lewis, his wife.

"Witness our hands this 29th of July in the year 1907.

"M. J. Lewis,

"Maude Lewis."

On December 28, 1907, by written indorsement thereon signed by plaintiff and his wife, the terms of agreement of the above instrument were extended from January 1, 1908, to March 1, 1908.  And on the same day, by indorsement made in said "option deed" signed by plaintiff and his wife, the time of the "option" was extended to March 1, 1908.

On January 31, 1908, the plaintiff testified that the defendant reported the sale to Harrington and the resale by him to Andrews as set out above in the complaint, and on that day plaintiff executed the deed to Andrews and paid the $1250 to defendant.

The preponderance of the testimony indicates that of this sum defendant retained $1000 in addition to the $200, and paid $50 to Heath, although it is admitted that he sent a draft for $500 to Harrington.  The evidence also tends to prove that plaintiff had employed defendant to sell the land and for his services defendant was to receive $200, and that $50 was to be paid to Heath; that defendant made the sale for $2000, and that he had received from plaintiff $1250 under the belief by plaintiff that defendant had actually sold to Harrington, and that Harrington had resold to Andrews.  The plaintiff also testified that he had agreed to take $750 net in event defendant had sold the land for $1000, and that, if defendant had actually sold to Harrington for $1000, and Harrington had resold to

Andrews for the $2000, he would not have made any complaint.

It is contended by plaintiff that the undisputed evidence is that there was no consideration paid for the "option deed," and therefore it was not effective and binding. That the above written agreement to pay defendant $250 was executed after the "option deed," which, if effective, was merged in the said last agreement; and that this written agreement provided for the entire remuneration which defendant was to receive; and that, being the agent of plaintiff, the defendant was liable for the additional $1000 which he had received; and that on this account plaintiff was entitled to a peremptory instruction.

In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence that is most favorable to the party against whom the verdict is directed. *LaFayette* v. *Merchants Bank,* 73 Ark. 561; *Rodgers* v. *Choctaw, O. & G. R. Co.,* 76 Ark. 520. And where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. *St. Louis. I. M. & S. Ry. Co.* v. *Petty,* 63 Ark. 94; *Wallis* v. *St. Louis, I. M. & S. Ry. Co.,* 77 Ark. 556; *St. Louis, I. M. & S. Ry. Co.* v. *Vincent,* 36 Ark. 451; *Overton* v. *Matthews,* 35 Ark. 146; *Boyington* v. *Van Etten,* 62 Ark. 63; *Fidelity Mutual Life Ins. Co.* v. *Beck,* 84 Ark. 57.

The defendant was a witness in the case, and he testified that when plaintiff spoke to him in April, 1907, about selling his land, the plaintiff was willing to sell the whole 165 acres for $1,000; that in July when Heath agreed to purchase forty acres thereof the plaintiff had reconsidered and declined to sell the forty acres, but was willing and desirous to sell the remaining 125 acres for a sum that would net to him $750. That thereupon plaintiff executed to him the "option deed," and that he was not then acting as agent of plaintiff in selling the land, and that then and thereafter he was acting for himself in selling the land under the "option deed." He stated that the reason why the instrument agreeing to pay to him $250 in event the land was sold for $1,000 was executed was that originally plaintiff was willing to take $1,000 for the entire 165 acres, and when Heath

agreed to purchase the forty acres thereof and plaintiff declined to sell to him, the plaintiff was then willing and anxious to take and receive $750 net to him for the remaining 125 acres; and inasmuch as defendant had been to some trouble for plaintiff in the matter to that date, and Heath had lost time in investigating the land and attending to the business in which he made the offer to buy the forty acres, the plaintiff agreed to pay to defendant $200 and to Heath $50, making the $250 named in the instrument, in event the 125 acres were sold for $1,000, which would still net to plaintiff the sum of $750. He also testified that he had actually communicated with Harrington, and that Harrington had secured Andrews the purchaser; and that he had been engaged for more than six months in endeavoring to sell the land. He denied that he had ever stated or agreed that all sums in excess of $1,000 should belong to plaintiff, and denied that the $250 was in payment for his services in making the sale, and denied that he was acting as agent for plaintiff in making the sale; but that the total amount that plaintiff was willing to take and did agree to take for the land was the sum of $750 net to plaintiff. Giving the evidence of defendant its strongest probative force, it tended to prove the above. Now, even though the great preponderance of the evidence was against this version of defendant, still his testimony tended to sustain the issue in his favor; and he was therefore entitled to the right to have the issue submitted to a jury. *Little Rock & Ft. Smith Ry. Co.* v. *Henson,* 39 Ark. 414; *Little Rock & Ft. Smith Ry. Co.* v. *Baker,* 39 Ark. 491; *Oliver* v. *Fort Smith Light & Tr. Co., ante* p. 222. We are therefore of the opinion that the court erred in directing a peremptory verdict.

The instrument called "option deed" was an offer to sell, which might have been withdrawn at any time before its acceptance; but after its acceptance the resulting contract was not affected by the antecedent offer. 21 Am. & Eng. Enc. Law (2 Ed.) 926. It was not withdrawn on December 28, 1907, or considered by plaintiff on that date as merged in the agreement dated July 29; because on December 28, 1907, the plaintiff in writing extended its terms until March 1, 1908. There is no endeavor here to enforce it as an executory contract. It is now only a piece of evidence. The plaintiff claimed it was given to aid the de-

fendant as the agent of plaintiff to effect a sale of the land; and
the defendant claimed that it was executed to him as an option
or offer to sell independent of any question or relation of agency.
The instrument dated July 29, 1907, above, does not state that
the $250 was to pay for the services of defendant in making the
sale; it does not state for what consideration it was given.    It
does not appear clearly and definitely from this instrument itself
and the "option deed" what the intention of the parties was in
this regard; and where this intention of the parties does not ap-
pear clearly from the written instrument, the question should be
left to the jury for its determination.    *Massey* v. *Dixon,* 81 Ark.
337.

Inasmuch as the above opinion of the court must result in
a reversal of the judgment and a new trial, we note the other
questions raised in this case.

The lower court properly overruled the motion of defendant
to transfer the cause to the chancery court.    It also properly
sustained the demurrer to the cross-complaint, as it did not allege
a proper counterclaim.    Kirby's Digest, § 6098; *White* v. *Reagan,*
32 Ark. 281; *Hudson* v. *Snipes,* 40 Ark. 75; *Ward* v. *Blackwood,*
48 Ark. 396; *Barry-Wehmiller Machine Co.* v. *Thompson,* 83
Ark. 283.

We find no error in the instructions given or refused, except
in the seventh instruction given on the part of the plaintiff.*
This instruction should be modified by adding thereto the follow-
ing: "Unless you further find from the evidence that defendant
was not at the time acting as the agent of plaintiff in making the
sale of the land."

The judgment of the lower court is reversed, and the cause
remanded for a new trial.

*This instruction was as follows:

"7.    It is conceded that no consideration was paid on the option deed
in question; hence it is not an option, but only a continuing offer to sell
on the part of Lewis, and, that being the case, the defendant, Jones,
should have disclosed to him at the time the land was sold to Andrews
the fact that Harrington had not bought the land and resold for a profit
of one thousand dollars, and so that Lewis could then have either ob-
jected or consented to the trade, and unless you do so find you should find
for the plaintiff."    (Rep.)