AMERICAN TRUST COMPANY *v.* VANDERTUUK.

Opinion delivered December 5, 1927.

CORPORATIONS—LIABILITY OF STOCKHOLDERS.—Stockholders of a foreign corporation are not liable in this State for the debts of the corporation simply because the corporation does business in another State without complying with the laws of such State by filing their charter.

Appeal from Chicot Chancery Court; *John E. Martineau,* Chancellor, on exchange; affirmed.

*Cooley, Adams & Fuhr,* for appellant.

*Church & Ganaway* and *Coleman & Riddick,* for appellee.

MEHAFFY, J. Suit was brought in the Chicot Chancery Court by the appellant against the appellees, who

were the stockholders of the Holland-Delta Company, a corporation organized under the laws of the State of Delaware, on December 14, 1915, with a capital stock of $500,000, divided into shares of $100 each. The capital stock was afterwards increased to $1,000,000.

The agreement of counsel contains the following paragraph: "That the sole business of Holland-Delta Company was the operation of two large cotton plantations, one in East Carroll Parish, Louisiana, and one in Chicot County, Arkansas, and the operation of a plantation store in connection with each one of the same for the purpose of supplying the tenants on said plantations, and successfully conducting said farming operations, and the making of all contracts necessary for the financing and operation of said plantations. That at all times during its business existence it was properly qualified to do business in the States of Arkansas and Louisiana, but never at any time did it file a copy of its charter or an abstract thereof with the Secretary of State of Tennessee or any official of the State of Tennessee, and did not undertake in any way to comply with the foreign corporation laws of the State of Tennessee. That W. P. Markle, who was president of the company from its organization, lived in Memphis, Tennessee, and had an office there. That said Holland-Delta Company maintained an office at all times at 1315 Bank of Commerce Building, Memphis, Tennessee. That said Holland-Delta Company paid the rent for said office, and its name appeared on the door of the same. That the meetings of the stockholders and directors of this company were held in this office, and that from this office W. P. Markle, as president and manager, purchased a part of the merchandise and supplies used by Holland-Delta Company in its farming operations in Arkansas and Louisiana, and paid most of the bills for the same, using remittance sheets bearing the name of Holland-Delta Company, and giving its address 1315 Bank of Commerce Building, Memphis, Tennessee. That the said W. P. Markle used letterheads and the employees used letter-

heads in their correspondence for the Holland-Delta Company bearing the same name and address. That the ones used by the employees on the plantation bore the plantation address. That the general books of the company were kept in said office in Memphis, and the plantation and store books were kept at the plantation.''

It is stipulated by counsel that Holland-Delta Company filed an answer in the courts in Tennessee, admitting that it was a foreign corporation doing business in Tennessee. That is, it filed an answer admitting the allegations in the complaint to the effect that it was a foreign corporation doing business in Tennessee.

The American Trust Company had obtained judgment in the Arkansas courts, in which there was a balance due of something more than $22,000. The Holland-Delta Company became bankrupt, owing large sums of money. This suit is brought to enforce liability against the stockholders, who are made defendants, for the debt of the corporation.

It is claimed by appellant that the stockholders are liable for the debts of the company under the Tennessee statute, which prohibits foreign corporations doing business in the State without complying with the Tennessee laws, and the courts of Tennessee hold that, when a foreign corporation does business in Tennessee in violation of this statute, the stockholders become liable for the debts of the corporation.

There is no dispute about the Holland-Delta Company being a foreign corporation. It is agreed that it did not comply with the laws of the State of Tennessee; that it maintained an office in Memphis, Tennessee, and that the appellees are stockholders of said corporation.

There is no controversy about the claim of the appellant. It is admitted that the Holland-Delta Company is indebted to the appellant in the amount sued for. The only question to be determined by this court is whether that indebtedness of the Holland-Delta Company can be enforced against the stockholders of said corporation in the courts of Arkansas.

Section 2546 of Shannon's Code of Tennessee reads as follows:

"Each and every corporation created or organized under or by virtue of any government other than that of this State, for any purpose whatever, desiring to own property or carry on any business in this State, of any kind or character, shall first file in the office of the Secretary of State a copy of its charter. It shall be sufficient to authenticate such copies so filed by the certificate of the secretary or secretaries of such corporations and by attaching thereto the corporate seal."

Section 2547 of Shannon's Code provides for a penalty or fine for any foreign corporation doing business without complying with the laws with reference to foreign corporations filing a copy of their charter, etc.

The courts of Tennessee hold that, whenever a foreign corporation does business in the State of Tennessee without having complied with the laws authorizing foreign corporations to do business in the State, the stockholders of such corporation shall be liable for its debts. As to the liability of stockholders for the debts of the corporation, the authorities are not in harmony. It is not claimed here that the stockholders owed the debt themselves, but the contention is that the corporation owed the debts, and that, because it did business in Tennessee without authority, the stockholders thereby became liable for the debts of the corporation, and the Tennessee courts so hold.

We do not think that it is necessary to decide whether the Holland-Delta Company was doing business in the State of Tennessee or not, because the settled rule in Arkansas is that the stockholders are not liable for the debts of the corporation.

"There was evidence tending to show that plaintiff had dealt with the Cypress Lumber Company as a corporation and recognized it as such; that the same was a corporation formed and existing under the laws of Wisconsin; that defendant did not owe plaintiff anything individually, and never had any dealings with him except

as officers and members of the corporation. That they were owing nothing to the corporation. It is therefore difficult to see how the court below could take the case from the jury and direct a verdict against the defendant." *Bayington* v. *Van Etten,* 62 Ark. 63, 35 S. W. 622.

"It was not important in this case to show that the Wichita Coal & Material Company had complied with the laws of the State of Arkansas authorizing foreign corporations to do business here, although the proof was probably sufficient to show that it had, for the reason that the mortgage and note sued on were executed to said bank in the State of Kansas, the domicile of both corporations, where the money was borrowed; nor would the doing of business in this State by a foreign corporation that had not complied with our laws, prescribing conditions upon which such corporations may do business here, have the effect to dissolve such corporation and render said corporation in effect a partnership and its officers partners as to such business done within the State, as was held by the lower court." *Nat. Bk. of Wichita* v. *Spot Cash Coal Co.,* 98 Ark. 597, 136 S. W. 953.

We deem it unnecessary to refer to authorities of other States, because, as we have said, the rule is settled in Arkansas that the stockholders are not liable for the debts of the corporation.

Appellant contends that the liability is a contractual one. We think a complete answer to this is that this court has held that the stockholders are not liable for the debts of a corporation, and that the Arkansas cases referred to by appellant in its reply brief are cases where the statute itself expressly makes the persons liable. Our statute provides:

"If the president or secretary of any such corporation shall neglect or refuse to comply with the provisions of § 848, and to perform the duties required of them respectively, the persons so neglecting or refusing shall jointly and severally be liable to an action founded on this statute, for all debts of such corporation contracted during the period of any such neglect or refusal."

It will thus be seen that these persons are liable because the statute expressly makes them so. We know of no statute, either in Arkansas or Tennessee, that makes the stockholders liable for the debts of the corporation simply because the corporation does business in the State without complying with the laws by filing their charter, etc. If the statute in Tennessee made the stockholders liable for the debts of the corporation, this court might then hold, as it did with reference to the president and secretary, that the debt was contractual, but we have no such case here. The only contention here is that the corporation did business in Tennessee in violation of its law and that, for that reason, the stockholders are liable, and this court has decided adversely to the contention of appellant on this question.

Since we hold that the liability of the stockholders for debts of a corporation will not be enforced in the courts of Arkansas, it become unnecessary to determine whether the corporation was doing business in Tennessee or not, because, whether it was or not, we hold that the stockholders did not become liable for the corporation debts, and the case is therefore affirmed.