### GRAY v. MAGNESS.

4-5837                                             138 S. W. 2d 73

Opinion delivered March 18, 1940.

*M. A. Hathcoat,* for appellant.

*W. S. Walker,* for appellee.

HOLT, J. Appellant brings this appeal from a judgment in the Boone circuit court on an instructed verdict growing out of a garnishment proceeding.

On December 14, 1938, Lydia Magness brought suit in the Boone circuit court against Benton Potts to re-

cover $538 alleged to be due on a note. Subsequent to the filing of this suit, and before judgment, the wife of Benton Potts came to Harrison to make settlement and procured money for this purpose from appellant, Cleve Gray.

It is conceded that at this time one of the appellees, T. R. Magness, (sometimes called Troy Magness), was indebted to appellant, Gray, in the sum of $1,900 on a judgment obtained against him on July 17, 1935.

The record reflects that the complaint filed on the note, *supra,* was signed by J. L. Shouse and J. H. Shouse. They are father and son, but are not partners in the practice of law.

When Mrs. Potts reached Harrison to settle the suit against her husband, she testified as to her activities as follows:

"Q. After you came here you went to the attorney for the plaintiff. Who was that? A. Mr. Shouse. Q. J. L. Shouse? A. I guess. The old fellow over there. Q. The old fellow over there? You indicated to Mr. Shouse you wanted to make settlement of this? A. Yes, sir. Q. He was agreeable to it? A. Yes, sir. Q. I believe you tendered him a check on a bank in Oklahoma? A. Kansas. Q. And he didn't want to accept it? A. Yes, sir. Q. I believe after that you tendered and he accepted a check on the Security Bank here? A. Yes, sir. Q. That check was accepted and the suit was dismissed? A. Yes, sir. Q. Young Shouse was the person that came here and satisfied the record. A. I suppose. He said he would send someone over from his office. Q. You didn't understand it was young Shouse? A. I understood that was who it was. Q. You turned over the check to the young man who marked the record satisfied? A. Yes, sir. Q. Since you have come to town, have you tried to locate that check at the bank? A. Yes, sir. Q. That check was not returned to you? A. No, sir. Q. Did they tell you at the bank they were not able to locate it? A. Yes, sir. Q. Do you know where it is? A. No, sir. Q. You thought it was at the bank when you came here? A. Yes, sir. Q. As far as

you are concerned, it is a mystery where it is? A. Yes, sir. Q. You do remember that the check was made on the day that the suit was dismissed? A. Yes, sir. Q. Do you remember to whom it was made payable? A. Troy Magness. Q. Is that the same person as T. R. Magness? A. I don't know. It was Troy. Q. That check was accepted by the young man that was there, and the record discharged? A. Yes, sir.''

Troy Andrews, circuit clerk of Boone county, testified that John H. Shouse came to his office, along with Mrs. Potts, and dismissed the suit in question and signed the record ''J. H. Shouse, attorney for plaintiff,'' and that J. L. Shouse was not present.

Sometime during the day (the testimony does not show the exact hour, or time) of December 27, 1938, during which John H. Shouse satisfied the judgment against the husband of Mrs. Potts, appellant, Gray, filed in the Boone circuit court ''Petition for Writ of Garnishment'' against J. Loyd Shouse, garnishee. The prayer of his petition was that J. Loyd Shouse answer the following interrogatories:

''(1) Were you, on and after the service of the writ of garnishment herein upon you, indebted to T. R. Magness, one of the above-named defendants? If so, how, and in what amount?

''(2) Have you had in your hands or possession, on or after the service of the writ of garnishment herein upon you, any goods, chattels, moneys, credits or effects belonging to T. R. Magness, the said defendant? If so, what was the nature and value thereof?''

Summons was immediately placed in the hands of the sheriff on the same day and it was immediately served on J. Loyd Shouse, as garnishee, but the exact hour, or time, of the service is not indicated.

The garnishee, Shouse, answered as follows: ''Comes the garnishee, J. Loyd Shouse, answering the allegations and interrogatories made and propounded herein and says that he has no goods, chattels, moneys, credits or effects of any nature belonging to the defendant, T. R.

Magness; and that he is not indebted to the said T. R. Magness in any sum."

Appellant, Gray, filed his traverse and denial of the allegations in the answer of garnishee, J. Loyd Shouse.

The record further reflects testimony on the part of appellant, Cleve Gray, as follows:

"Q. You went over to the clerk's office and stood outside while they were in there settling the matter? A. Yes, sir. Q. You state to the court that prior to the settlement of this you had a garnishment in the hands of the sheriff requesting garnishment be served as soon as the check was delivered? A. Yes, sir. Q. As soon as the check was delivered, state whether or not you went to the Security Bank, on which you knew the check was drawn, and stayed to see whether the check was cashed and know the check wasn't presented until you knew you were notified by the sheriff that the garnishment was served. A. I did. Q. State whether or not the deputy sheriff was in the bank and you and he came to the office and she and Shouse were in the clerk's office, and he came downstairs and advised you he had served it? A. Yes, sir."

At the close of appellant's testimony, the trial court instructed a verdict in favor of the garnishee, J. Loyd Shouse, appellee here, and from the judgment rendered comes this appeal.

The sole question presented for review here is the one of fact: Did the garnishee, J. Loyd Shouse, at the time the writ of garnishment was served upon him, have in his possession, actually or constructively, moneys, goods, chattels, credits or effects, belonging to, and the property of T. R. Magness, or Troy Magness—they being one and the same person?

It is our view, on this record, that the trial court erred in refusing to permit the jury to pass upon this question.

While the record does not show the exact hour, or time, the writ of garnishment was served on the garnishee, the jury might have found on the evidence ad-

duced, that the check in question, payable to Troy Magness, was at the time of the service of the writ on J. Loyd Shouse in the possession of John H. Shouse and that he was at the time acting under the direction and agency of J. Loyd Shouse. In this event, possession by John H. Shouse would be possession of the garnishee and principal, J. Loyd Shouse.

It is not within our province to pass upon the weight or sufficiency of the testimony given, that duty devolves upon the jury.

When this court is called upon to determine the correctness of the action of a trial court in directing a verdict for either party, the rule is that where there is substantial evidence to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury, and in determining this question that view of the evidence must be taken that is most favorable to the party against whom the verdict is directed.

The rule is stated by this court in *Jones* v. *Lewis,* 89 Ark. 368, 117 S. W. 561, as follows:

"In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence that is most favorable to the party against whom the verdict is directed. *LaFayette* v. *Merchants Bank,* 73 Ark. 561, 84 S. W. 700, 68 L. R. A. 231, 108 Am. St. Rep. 71; *Rodgers* v. *Choctaw, O. & G. R. Co.,* 76 Ark. 520, 89 S. W. 468, 1 L. R. A., N. S. 145, 113 Am. St. Rep. 102. And where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. *St. Louis, I. M. & S. Ry. Co.* v. *Petty,* 63 Ark. 94, 37 S. W. 300; *Wallis* v. *St. Louis, I. M. & S. Ry. Co.,* 77 Ark. 556, 95 S. W. 446; *St. Louis, I. M. & S. Ry. Co.* v. *Vincent,* 36 Ark. 451; *Overton* v. *Matthews,* 35 Ark. 146, 37 Am. Rep. 9; *Boyington* v. *Van Etten,* 62 Ark. 63, 35 S. W. 622; *Fidelity Mutual Life Ins. Co.* v. *Beck,* 84 Ark. 57, 104 S. W. 533, 1102. See, also, *Williams* v. *St. Louis & San Francisco Rd. Co.,* 103 Ark. 401, 147 S. W. 93.

For the error, therefore, of the trial court in instructing a verdict for the appellee, garnishee, at the close of appellant's testimony, the judgment is reversed, and the cause remanded for a new trial.