JEFFERY *v.* ORGILL BROS. & CO., INC.

4-6167                                                   147 S. W. 2d 350

Opinion delivered January 27, 1941.

*Chas. F. Cole,* for appellant.

*S. M. Casey,* for appellee.

MEHAFFY, J. This action was instituted in the justice of the peace court in Independence county, Arkansas. The suit was originally begun by the appellee, Orgill Brothers & Company, Inc., against Jeffery-Keys Sand & Gravel Company, Inc., and later against Roy N. Jeffery, the appellant, and Carl Keys, partners. The suit was for $108.52 with interest, and the justice of the peace found in favor of all the defendants in his court, except Carl Keys.

An appeal was prosecuted to the circuit court, and after hearing the evidence, the judge of the circuit court instructed the jury to find in favor of the appellee, Orgil Brothers & Company, Inc., against all the defendants.

Motion for new trial was filed and overruled, and the case is here on appeal.

Joe Lane, witness for appellee, testified in substance that he was a traveling salesman for appellee, and that he sold the tires constituting the basis of the account sued upon; that he called on Roy N. Jeffery Lumber Company and tried to sell them some tires; that Mr. Meade, bookkeeper for this company, advised him that they did not need any tires; later Mr. Keys came in and Mr. Meade introduced witness to him and told witness that he might sell Mr. Keys some tires; that he figured Mr. Keys had power to buy so he sold him some tires which were shipped to Harrisburg and the bill sent to Batesville; this was in April, 1939, and he sold him a second tire in May, 1939; when witness sold the tires he did not know that the sand and gravel company was incorporated; heard Mr. Jeffery say in the trial in the justice court that the corporation had taken over the business of the partnership; appellee had had dealings with Mr. Jeffery before and he had a credit rating with the company and they sold the tires on the credit of Mr. Jeffery; witness never talked to Mr. Jeffery about selling these tires; the only authority they had to charge the tires to Mr. Jeffery was that one time Mr. Jeffery told witness that Carl Meade was "his man" and that whatever Meade did was all right with him; Mr. Meade introduced witness to Mr. Keys; he had just told witness a

moment before that they were not interested in tires, but that Keys might be; when Mr. Jeffery told witness to sell Mr. Meade anything he wanted, they were discussing sales to the Roy N. Jeffery Lumber Company; never had any authority from either Mr. Jeffery or Mr. Meade for the shipment of the tires, except that Meade introduced witness to Keys.

Carl Keys, one of the parties to the suit, testified in substance that he knew about the tires in question; they were both in the name of Jeffery-Keys Sand & Gravel Company, a partnership; the tires were used on witness' truck and the truck was used to haul for the Jeffery-Keys Sand & Gravel Company; trucks were hired to do the hauling and witness bought some to use; the trucks belonged to witness; witness never did talk to Mr. Jeffery about buying the tires; the trucks were witness' individual property and not a part of the partnership assets; witness was paid for the use of the trucks and any profit made from hauling belonged to witness individually; he was paid for the hauling just like any of the other men and took credit with the company for gas and other things advanced to him; he does not know what he owes the company; has no way to dispute any record Mr. Meade may have; witness recently requested a statement from Meade, but has not seen him recently; the trucks did not belong to the partnership or the corporation.

It was then stipulated that the Jeffery-Keys Sand & Gravel Company, Inc., was incorporated April 26 or 27, 1939, and that Carl Keys was half owner and general manager of the corporation, and that the corporation was dissolved in December, 1939.

The deposition of Joseph Orgill, Jr., taken upon interrogatories, was introduced in evidence. He testified that he is the credit manager of Orgill Brothers & Company; the account sued on totals $108.52 and is composed of two items, one for $49.18 sold April 14, 1939, and the second for $58.29 sold May 18, 1939; both items were sold by Mr. Lane the first shipped to Harrisburg, Arkansas, and the second shipment was to Batesville; witness said they were informed that Keys and Jeffery were

partners; had shipped to this company before in connection with the lumber business; witness attached several letters to his deposition.

Carl Meade testified that he was bookkeeper for the Roy N. Jeffery Lumber Company and was similarly employed by the Jeffery-Keys Sand & Gravel Company; the latter firm was a partnership prior to April 27, 1939, when it was incorporated; the accounts in question are both billed to the Jeffery-Keys Sand & Gravel Company, Inc.; there were five or six other trucks at Harrisburg in addition to Mr. Keys', and Mr. Keys used his trucks for business outside of working for the sand and gravel firm; at the time the corporation was dissolved witness signed the letter to the appellee; signed the letter as secretary of the corporation; witness did not get and open the mail, but answered all correspondence when instructed to do so; does not recall his exact words when introducing Mr. Lane to Mr. Keys.

Roy N. Jeffery is the only one who has appealed. There is therefore no question of the liability of anybody except Roy Jeffery.

The evidence showed that Jeffery and Keys were engaged in the lumber business and also the sand and gravel business. Keys testified, and there is no evidence to the contrary, that he purchased the tires for his own use, for his own trucks; and while he used the trucks for hauling for the gravel company, he charged and collected for this service just as others did.

There is evidence tending to show that Roy N. Jeffery was interested; at any rate, there was enough evidence to justify the submission of the question of Jeffery's interest to the jury. It is purely a question of fact, and the court should have submitted it to the jury for its determination. There is not, however, sufficient evidence to justify the court in directing a verdict against Jeffery.

In the case of *Gray* v. *Magness,* 200 Ark. 163, 138 S. W. 2d 73, this court quoted with approval from the case of *Jones* v. *Lewis,* 89 Ark. 368, 117 S. W. 561, as follows: "In determining on appeal the correctness of the trial

■■■■■■■■■■

court's action in directing a verdict for either party, the rule is to take that view of the evidence that is most favorable to the party against whom the verdict is directed. *LaFayette* v. *Merchants' Bank,* 73 Ark. 561, 84 S. W. 700, 68 L. R. A. 231, 108 Am. St. Rep. 71; *Rodgers* v. *Choctaw, O. & G. R. Co.,* 76 Ark. 520, 89 S. W. 468, 1 L. R. A., N. S., 1145, 113 Am. St. Rep. 102. And where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. *St. Louis, I. M. & S. Ry. Co.* v. *Petty,* 63 Ark. 94, 37 S. W. 300; *Wallis* v. *St. Louis, I. M. & So. Ry. Co.,* 77 Ark. 556, 95 S. W. 446; *St. Louis, I. M. & S. Ry. Co.* v. *Vincent,* 36 Ark. 451; *Overton* v. *Matthews,* 35 Ark. 146, 37 Am. Rep. 9; *Boyington* v. *Van Etten,* 62 Ark. 63, 35 S. W. 622; *Fidelity Mutual Life Ins. Co.* v. *Beck,* 84 Ark. 57, 104 S. W. 533, 1102. See, also, *Williams* v. *St. Louis & San Francisco Rd. Co.,* 103 Ark. 401, 147 S. W. 93.''

For the error indicated, the judgment is reversed, and the cause remanded with directions to submit to the jury the question of Jeffery's liability.