McGorrisk v. Dwyer.

**Fixtures:** TO CHATTEL BUILDINGS: TRACK SCALE AND GRAIN ELEVA-
TOR. A chattel mortgage conveyed a certain elevator, "with all
the machinery therein, and all the fixtures thereto belonging."
The elevator was built on leased land, which came to within four
feet of the railroad track, under which the elevator company (the
mortgagor) had erected a track scale for use in connection with
the elevator. The land on which the elevator was built was
leased of the railroad company, and the track scale was put in by
leave of the same company. The connection of the scale with the
elevator by means of a hopper was open, visible, and could easily
be known by all. *Held*—

(1) That though the elevator was a chattel, and the term "fix-
ture" is used in law to signify something attached to real
estate, yet, as the term was used in the mortgage, it
included everything which would have been a fixture to the
elevator had it been real estate.

(2) That the track scale, so located and adjusted for use with
the elevator, was a fixture within the meaning of the mort-
gage, and passed thereunder to the mortgagee.

*Appeal from Henry District Court.*—Hon. R. C.
Henry, Judge.

Filed, October 3, 1889.

Action in replevin for a certain track scale. The
facts are substantially as follows: About the first of
January, 1886, the Winfield Mill and Elevator Company
leased of the Burlington and Northwestern Railway
Company a part of its right of way near its railway
track, for the purpose of erecting and operating a grain
elevator, and erected the same in the spring following.
The Winfield Mill and Elevator Company purchased of
Borden, Sellock & Co. a forty-ton track scale, which
was delivered in July, 1886, and at once placed in posi-
tion. The land leased of the railway company came to
within about four feet of the company's track. The
scale was placed on a stone foundation, under the rail-
way track, upon which rested timbers, framed and
adjusted for its support and use. Across the platform

of the scale was the railway track in such manner that cars could be placed thereon and weighed. Connected with the frame-work, on which rested the scale, was a receiving hopper, which was also connected with the elevator building on the other side by the frame-work which supported the hopper. This connection between the elevator and the scale was not of such a character that its removal would materially injure the building. From a car on the scale corn or other grain could be dumped into the hopper, and by means of conveyors taken to the elevator, and there shelled or cleaned as might be required, and by means of spouts taken from the elevator to the car and weighed for shipment.

The facts as to the plaintiff's claim are these: About October 5, 1886, Murry, Nelson & Co. loaned to the Winfield Mill and Elevator Company twenty-five hundred dollars, and, as security therefor, took a chattel mortgage on property thus described: "The mill, elevator and other buildings erected, or to be erected, on the ground in said Winfield leased by the Burlington and Northwestern Railway Company to the Winfield Mill and Elevator Company, with all the machinery therein, and all the fixtures thereto belonging." Under the provision of the mortgage justifying such a procedure, the mortgagees sold the property thus mortgaged to the plaintiff, and gave him possession thereof on the first or second day of January, 1887, and on the day following gave him a bill of sale of the same. It is by virtue of this purchase that the plaintiff claims to own the scale, and asks for the possession.

Defendant bases his right to the possession of the scale on a state of facts as follows: Borden, Sellock & Co., who sold the scale to the Winfield Mill and Elevator Company, obtained a judgment against such company in December, 1886, and took execution, and the defendant sheriff, by virtue thereof, levied upon the scale on the twelfth day of January, 1887, as the property of the defendant company, and at the commencement of this suit held possession. The district court gave judgment for the plaintiff, and the defendant appeals.

*A. H. Stutsman* and *N. S. Hammack*, for appellant.

*S. L. Glasgow* and *R. Ambler & Son*, for appellee.

GRANGER, J.—I.   There is a concession in argument by both parties that the elevator covered by the mortgage as well as the scale in controversy are chattel property; that there is no freehold estate to which the term "fixture" can apply.   The case presents this question:   Is the track scale a fixture belonging to the elevator building?   The question has led counsel in argument to consider the legal significance or application of the word "fixture," and it is urged by appellant that, as a legal term, it depends upon the real estate for its support, and that, as appellee regards and treats the elevator building and the scale as chattel property, its character is fixed, and, the scale not being a fixture, it cannot be regarded as included in the mortgage; the term "fixture" therein being the only one that could embrace the scale in question.   A discussion of the term "fixture" in the abstract would be of little avail in the face of the facts with which we are confronted.   It is true the term is used by the parties to the mortgage, and it is equally true that it is used only with reference to the building as chattel property.   But is it, because of that, without significance in the transaction?   The parties to the mortgage were dealing with reference to property which ordinarily attaches to, and is a part of, realty, being buildings thereon.   Fixtures, to a great extent, are directly connected with buildings, as a part of the realty, and, but for the buildings, they could in no sense be considered as real estate.   In cases where the buildings are a part of the realty, law-writers and courts are wont to associate the term "fixture" directly with the buildings, and speak of them as fixtures to the mill or store or other buildings.   This is because of the relationship of the fixture to the building as distinct from the land, and is by no means a misapplication of the term.   As the parties to the mortgage have employed the term "fixture," we know of no rule of construction

to warrant us in disregarding it because technically applicable to real estate, if the purpose of its use is manifest from the record. To us it seems clear that its use in the mortgage in question is not different from what it would be if the elevator building was actually a part of the realty, and the language was used in a real estate mortgage and specified the building and "fixtures belonging thereto." In such a case it would only be necessary to inquire if the scale was a fixture belonging to the building, and the finding upon such inquiry would determine its character. If in this case the scale has such a relation to the elevator that, with the elevator a part of the real estate, the scale would be a real estate fixture, then it is so related to the elevator as a chattel within the purpose of the parties,—that is, a "fixture belonging thereto."

II. It remains to be considered if the scale, in view of the facts of the case, is a fixture belonging to the elevator. In this respect much depends upon the intent and purpose with which the scale was placed, as it was, in connection with the elevator; the intent and use, in such cases, having much to do with determining its character as a fixture. *Congregational Society v. Fleming*, 11 Iowa, 533. It is plain, from the record, that the land on which the elevator was placed was leased, and the elevator placed in close proximity to the railroad track, because the elevator was to be used in receiving and shipping grain over the line of road, and that, as to the cars on the track, grain was to be transferred to and from the elevator. The elevator was used for the purpose of shelling corn and cleaning grain for shipment, in which case cars were unloaded into the hopper connected with the scale, and by means of conveyors taken to the building for such purposes as might be required. The entire testimony in the case shows that the scale was bought for use with the elevator, and, after being adjusted, it was mainly used for the purpose of carrying on the business of the elevator. It seems to have been as much a part of the elevator, for the purpose of its business, as the machinery in the elevator,

and for such purposes as closely connected therewith. The connection of the scale with the elevator by means of the hopper frame was open, visible, and could easily be known by all.

The point is urged that the scale was not on the land leased of the railroad company for the purpose of erecting the elevator, but we see no particular force in the argument. It is on land adjacent thereto, and so adjusted as to be used in connection with the elevator, and would be as clearly a fixture in one case as in the other, as between these parties. It was placed on the land adjacent by license from the railroad company, and the railroad company makes no question or claim as to the scale.

The doctrine of "trade fixtures" has received some attention in argument, but such doctrine is mainly applicable to right of removal of fixtures by a tenant as against his landlord. No such question is presented in this case, and the rule is of little avail in reaching a conclusion. We have only to deal with the question of the scale as a fixture belonging to the elevator, so as to pass with the latter under the mortgage. We are agreed that it is.                AFFIRMED.