MUTUAL RESERVE FUND LIFE ASSOCIATION v. COTTER.

Opinion delivered October 22, 1904.

LIFE INSURANCE POLICY—BREACH OF WARRANTY.—Where a policy of life insurance warranted that the insured's answers and statements in his application were full, complete and true, and he failed to make known, in response to a question, the fact that he had had a serious illness, and to mention the names of the attending physicians, the concealment was calculated to deceive the insurer, and avoided the policy.

Appeal from Cross Circuit Court.

FELIX G. TAYLOR, Judge.

Reversed.

*Rose, Hemingway & Rose,* and *Norton & Prewitt,* for appellant.

The policy is avoided for breach of the warranties in application. 58 Ark. 528; 77 N. W. 690; 20 Fed. 482; 47 S. W. 614. The court erred in instructing the jury that appellant must make out its defense "by a clear preponderance of all the testimony." 37 Ark. 580; 58 Ark. 125; 52 Ark. 517; 53 *Id.* 381. The burden of proving compliance with express warranties is on the warrantor. 100 Mass. 472; 36 Atl. 9; 61 Am. Rep. 752; 1 Bidd, Ins. § 557.

*McCulloch & McCulloch,* for appellees.

Policies of insurance are construed most strongly against the insurer.   67 Ark. 553.   The question as to whether deceased drank intoxicating liquors otherwise than in sickness was one of fact for the jury, and the court did not err in refusing the instruction prayed upon that point.   64 Minn. 495; 28 S. W. 837; 60 S. W. 576; 70 N. Y. 605; Ell. Ins. § 374; May. Ins. § 299; Beach, Ins. § 438; Cook, Ins. § 36; 19 Am. & Eng. Enc. Law, 67-8; 51 Atl. 689; 2 Pars. Cont. 472; 145 Ill. 308; 6 Canada, Sup. Ct. 695; 97 Tenn. 291; 77 N. W. 690; 81 N. W. 1073. The term "good health," as used in the application, means simply that applicant has no grave and serious disease, and does not refer to mere temporary indisposition.   97 Mich. 513; 30 Ia. 119; 122 U. S. 501; 112 U. S. 250; 105 U. S. 355.   When, upon the face of the application, a question appears to be not answered at all or improperly answered, and the insurer issues a policy without further inquiry, it waives the want of or imperfection in the answer, and renders the omission immaterial.   6 Gray, 185; 21 Oh. St. 176; 56 Miss. 180; 14 Vroom, 300; 106 Pa. St. 28; 91 Pa. St. 520; 89 Me. 266; 51 Atl. 689; May, Ins. § 166.   The burden was on appellant to prove breach of the warranties.   89 Md. 624; 92 U. S. 377; 2 Dill, 160; 70 N. Y. 605; 64 Minn. 495; 102 Ga. 143; 110 Cal. 258; 89 Ill. 203; 28 S. C. 431; Joyce, Ins. § 3790; Beach, Ins. § 1315.   That there was no breach of warranties or misrepresentation as to health sufficient to avoid the policy, see also 71 Ark. 295.

BATTLE, J.   This action was brought by W. M. Kennedy, as administrator of John Riffey, deceased, and by Arthur Cotter and W. D. Newburn, against Mutual Reserve Fund Life Association and United States Fidelity & Guaranty Company upon a policy of $1,000 issued by the Reserve Fund Life Association on the life of John Riffey, for the benefit of Arthur Cotter and W. D. Newburn, and bearing date the 30th of June, 1898; Riffey having died.   The plaintiffs recovered judgment, and the defendants appealed.

The policy was issued in pursuance of an application by John Riffey, the insured, in the month of June, 1898, for the benefit of the appellees, Cotter and Newburn, in which it was expressly agreed that the answers and statements contained in parts I and II thereof, by whomsoever written, were warranted to be full,

complete and true, and that if any of the answers or statements made are not full, complete and true, or if any condition or agreement shall not be fulfilled as required therein or by the policy, then the policy issued thereon shall be null and void. These stipulations, by the terms thereof and by the provisions of the policy, became a part of the policy. In the application were the following questions and answers: "(Q.) How long since you consulted or were attended by a physician? (A.) September, 1897. (Q.) State name and address of such physician? (A.) Name, W. B. Snipes; address, Spring Creek. (Q.) For what disease or ailment? (A.) Malarial fever."

The facts were: he was sick in September, 1897, at Spring Creek; had a slight attack of fever; was in. bed one day; and Dr. Snipes attended him two days. In October, 1897, about two weeks, or longer, thereafter, he was very sick at Marianna; suffered intense pain; had two physicians, Drs. Drake and Freeman, attending him; and his wife and daughter were called to his bedside. His physicians visited him as often as twice a day, and made as many as thirty or forty professional visits. He was sick a month or longer. He failed to make known to the Life Association the sickness in October.

In *Mutual Reserve Fund Life Association* v. *Farmer,* 65 Ark. 581, 595, cited by appellees, the question asked the insured was, "has the applicant ever had any illness, local disease, injury, mental or nervous disease or infirmity, or ever had any disease, weakness of the head, throat, heart, lungs, stomach, kidneys, bladder or any disease or infirmity whatever?" It "was answered by the examining physician (whose answers the applicant made his own) by stating, in effect, that applicant had had none of the diseases mentioned within ten years." The facts were that the insured (the applicant) in that case was found within the ten years, about one year or more before his death, in an insensible condition. The room in which he was at the time was filled with the odor of chloroform. But he was not in a dangerous condition, and soon recovered. He did not need the services of a physician. This court held that these facts did not establish a breach of the insured's warranty of the truth of his answer to the question. In that case the sickness was slight, and of very short duration.

In the case at bar the sickness in October, 1897, was serious and of long duration. It demanded the constant attention of physicians, and the attendance of the wife and daughter. It was no slight indisposition or trivial or temporary ailment. It might well have demanded and received the investigation and consideration of the Life Association before issuing the policy sued on, for the purpose of ascertaining its effect on the insurable character of the life proposed. The insured, Riffey, evidently thought that the question called for the disclosure of his sickness in September, 1897. We see no reason for withholding information as to the more serious sickness in the October following. The Life Association was entitled to the information, to the end that it might make any investigation it might desire before issuing the policy. *Providence Life Assurance Society* v. *Reutlinger,* 58 Ark. 528. The concealment of it was calculated to deceive the insurer. The answers to the questions propounded were not full, complete, and true, and, according to the stipulations of the parties, there was a breach of warranty, and the policy sued on is void on account thereof.

There are other questions in the case that are not mentioned in this opinion, and for reasons not necessary to state are not decided.

Reverse and remand for a new trial.