FIDELITY MUTUAL LIFE INSURANCE COMPANY *v.* BECK.

Opinion delivereed July 22, 1907.

1. TRIAL—DIRECTING VERDICT.—Where there was some evidence tending to prove a breach of warranty in the procurement of a policy of life insurance, it was error to direct a verdict against the insurance company.  (Page 58.)

2. APPEAL—REVERSAL—PRACTICE.—The general rule of practice, on reversing a common-law cause of action, is to remand the case for

new trial; but where there is an affirmative showing that there can be no recovery, and that a new trial would only protract litigation, occupy time of the court and increase costs, it is the duty of this court to dismiss the action. (Page 60.)

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; reversed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant; *F. H. Calkins,* of counsel.

The policy sued on is void because of false representations made in the application. The two, when forming one transaction, are read together as the entire contract. 49 Ark. 320; 75 Ark. 29. See also 58 Ark. 528; 72 Ark. 623.

*Etter & Monroe,* for appellee.

The application itself showing plainly that no attempt had been made to answer, appellant by accepting the application will be held to have waived an answer. 52 Ark. 11; 53 Ark. 215; 65 Ark. 581, 590. See also 53 Ark. 494; 71 Ark. 298. .

HILL, C. J. Mrs. Beck, the beneficiary in a policy upon the life of her husband, Jas. W. Beck, brought suit against the appellant life insurance company upon the same, and the trial resulted in the court directing a verdict in favor of the plaintiff therein, and the insurance company has appealed.

There was a written application for insurance, which contained the following agreement: "The truthfulness of each statement above made or contained, by whomsoever written, is material to the risk, and is the sole basis of the contract with the said company; that I hereby warrant each and every statement herein made or contained to be full, complete and true." A question is raised as to whether all of the questions are fully answered.

The fourth question and answer read as follows: "That I have never had or been afflicted with any sickness, disease, ailment, injury or complaint, except rheumatism three years ago." Under the line whereon the words "except rheumatism three years ago" is written, there is printed in fine type the following: "Duration, whether trivial or otherwise—if rheumatism, state whether muscular, sciatic or inflammatory." This requirement

was not complied with, there being two lines left blank which were intended for this answer. The effect of not answering questions was recently considered in *Security Mutual Ins. Co.* v. *Berry,* 81 Ark. 92. But beyond this question was the question of the warranty. There was some testimony that the above statement in regard to the health of Mr. Beck was true. His wife testified that for the seventeen years of their married life he had had no sickness whatever until a short time before he was killed, when he was sick and called in a doctor. This was after the policy was issued. On the other hand, there was some testimony tending to prove that he had been ill, and that his sickness had been of such a nature that it might have affected his risk as a subject of insurance. Where the matter inquired of would affect the question of the assumption by the company of the risk, then the warranty is material, notwithstanding the death may have been from the accident or other cause totally disconnected with the question inquired of. It goes in such instance to the validity of the contract itself. The effect of these warranties has been fully considered in the cases of *Providence Life Assurance Society* v. *Reutlinger,* 58 Ark. 528; *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295; *Mutual Reserve, etc., Assn.* v. *Cotter,* 72 Ark. 620.

There was a question of fact in this case which should have gone to the jury, and the court erred in giving a peremptory instruction.

Reversed and remanded.

ON REHEARING.

Opinion delivered October 7, 1907.

HILL, C. J. Appellant insists, in motion for rehearing, that the judgment of the court should have been for a dismissal instead of remanding for a new trial, because it alleges there was undisputed evidence of a breach of a warranty contained in the sixth question and answer.

On the trial of the case in the lower court, there was a peremptory direction to find for the plaintiff, and there were two grounds for a reversal presented here; one the ground

mentioned in the opinion, and the other ground the one now urged in the motion for rehearing.

For reasons stated in the opinion, the direction for a peremptory verdict was error. That is as far as the court went in disposing of the appeal, and was as far as it was necessary or proper for the court to go. It is true that where there is an affirmative showing that there can be no recovery, and a new trial would only protract litigation and occupy the time of the courts and increase costs, then it is the duty of the court to dismiss the cause, as was well pointed out by Mr. Justice HEMINGWAY in *Pennington* v. *Underwood*, 56 Ark. 53. The ordinary rule of practice on reversal is to remand common-law cases for new trial unless there are exceptional reasons, as above indicated, why there should be a dismissal. The court does not see that this case belongs to that exceptional class. While it appears from the application in the transcript that the sixth question was answered by the assured, and it also appears from the testimony that it was not truly answered, yet the issue of fact whether or not there was a breach of warranty in regard to it, like the other issue disposed of in the opinion, has not been tried by the lower court, as it refused to go into a trial of these issues, erroneously holding that no defense was offered, whereas the defenses offered should have been tried, and that is what is now directed. That means, tried first by the lower court as to the sufficiency of the evidence to go to the jury; and, if the court should find it sufficient to go to the jury, then by the jury to find the truth where there is a conflict, or where there may be different conclusions drawn from undisputed evidence.

There should be a trial of the real issues in the circuit court before this court should exercise its power of dismissal. This is especially true in this case, where the testimony on this trial does not show that other evidence raising proper issues of fact may not be adduced not inconsistent with the facts now in evidence.

Motion for rehearing is therefore denied.