ARKANSAS NATURAL GAS COMPANY *v.* GALLAGHER.

Opinion delivered February 2, 1914.

1. APPEAL AND ERROR—WHERE CAUSE IS REVERSED FOR ERRORS, RULE AS TO DISMISSAL.—Where the Supreme Court reversed a cause for errors in the rulings of the trial court, it will not dismiss the cause where it can see that the case may not have been fully developed as to the facts, and that additional facts may be produced on another trial, that may produce a different result. (Page 251.)

2. NEGLIGENCE—INDEPENDENT CONTRACTOR—LIABILITY FOR ACTS OF.—A gas company is not liable for an injury to its servants caused by the negligence of an independent contractor resulting from an explosion of gas. (Page 252.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

STATEMENT BY THE COURT.

This is the second appeal of these cases to this court. (See 105 Ark. 477.) Chief Justice McCULLOCH, who rendered the opinion of the court on the former appeal, stated the facts on that appeal as follows:

"Plaintiffs, Patrick Gallagher and Joe Miller, instituted separate actions against defendant, Arkansas Natural Gas Company, to recover damages for personal injuries caused by an explosion of gas during the construction of a pipe line from the Caddo fields to the city of Little Rock. The actions were consolidated and tried together, the trial resulting in verdicts in favor of each of the plaintiffs, awarding damages, and the defendant has appealed to this court.

"The pipe line was laid by Booth & Flinn, a partnership, under a written contract with defendant, whereby the contractors agreed to furnish the material and do the work for a stipulated price. The contract provided that 'all material furnished by the said contractor in the construction and laying of said pipe line, and all work done shall be subject to the inspection and approval of the company, or its duly authorized agent; and that the said inspection shall be made as work progresses, and that any defective material or workmanship shall be pointed out by it as soon as the same is discovered, and the said defect shall be at once remedied by the said contractor.' It further provided that the contractors should be responsible for the proper working of the entire pipe line system for thirty days after the same should be completed and put into use, and that the line should remain in charge of the contractors after it was completed and put into use during the time that the contractors should be engaged in remedying defects pointed out by the company or its inspectors.

"During the progress of constructing the pipe line, and after it had been laid as far north as Beirne, a town or village in Clark County, one of defendant's inspectors, in going over the line, discovered a leak near Beirne, and gave notice thereof to the defendants as well as to the superintendent of the contractors. The contractors sent a force of men to that place to repair the leak, and in doing so it became necessary to strip the pipes to ascertain the precise location and extent of leaks, and also it became necessary to turn the gas into the pipe line for that purpose. The plaintiffs were both employees of the contractors in doing the work in and about repairing the line, and while eating their lunches about the noon hour an accumulation of gas in the pipes caused an explosion, which resulted in severe injuries to them. They alleged that negligence of servants of the defendant in turning in an excessive quantity or pressure of gas, and leaving it in the line too long, caused the explosion. The defendant denied that the injury was caused by any negligence

of its servants, and contends that the negligence, if any, was that of the contractors and their servants. The evidence shows, as before stated, that it was customary for one of defendant's inspectors to go over the line for the purpose of inspecting for leaks, and when any were discovered they were marked and notice given to the contractors. In making inspections it was necessary to turn the gas into the line, which the inspector would do, and after he had marked the place of a leak he would again turn the gas off. When the contractors went about repairing leaks, it was necessary to again turn the gas into the pipes for their benefit in discovering the precise location of leaks, and for this purpose the inspectors were instructed by defendant to turn the gas into the pipes when requested to do so by the contractors, and to turn it off under their directions. No one but defendant's inspectors were permitted to turn the gas on or off. On this particular occasion, W. H. Pitts, one of the inspectors, after he had discovered the leak, and the contractors had sent a gang of workmen to repair it, was requested by the foreman or superintendent to turn in the gas. This was done between 10 and 11 o'clock in the morning. The men were thereafter engaged up to the noon hour in stripping the pipes so that the leak could be repaired, and the gas was allowed to remain in the pipes until nearly 1 o'clock, when the explosion occurred. At that time Pitts had left the line and had started to Beirne to get his lunch.

"The contention of the plaintiffs is that the explosion was caused by the negligence of Pitts in handling the gas, either in turning it on or letting it remain too long in the pipes. They insist that in doing this Pitts was the servant of the defendant, and that the latter is responsible for all his negligent acts. On the other hand, the contention of defendant is that Pitts, though in its general employment, was doing the particular service as a servant of the contractors, and that the defendant is in no wise liable for his alleged negligence."

The facts of the present record are the same, in substance, as they were on the former appeal.

*Gardner K. Oliphint, W. D. Brouse* and *Moore, Smith & Moore,* for appellant.

1. The repairing of leaks was a part of the independent contractor's duty. 105 Ark. 477.

2. The burden was on appellees to show that Pitts was the agent of the company at the time of the accident. Pitts was the agent of an independent contractor and the company is not liable for his acts. 3 Elliott on Railroads, § 1063, p. 1586; 77 Ark. 554; 152 S. W. 149.

3. A verdict should have been directed for appellant, on the uncontradicted testimony. 101 Ark. 532; 53 *Id.* 96; 67 *Id.* 514; 80 *Id.* 396; 96 *Id.* 504; 69 N. E. 1078; 166 Mass. 268. The case should be dismissed.

*Robertson & DeMers,* for appellees.

1. On the former appeal (105 Ark. 477), it was held that it was for the jury to determine the extent of Pitts' service for the independent contractors under their direction and control. The evidence shows conclusively that Pitts was the agent of Booth & Flinn, the contractors. 86 Ark. 607. There is no material change in the evidence. 103 Ark. 345; 107 Ark. 310.

2. The court properly refused the peremptory instruction. 99 Ark. 490.

Wood, J., (after stating the facts). The case was reversed on the former appeal because the court, in its instructions, ignored the contention of the appellant, which was raised in its answer, that the injury to the appellees "was the result of the negligent supervision and direction" of independent contractors, "their agents and employees."

We did not pass upon the question on the former appeal as to whether or not the appellant was entitled to an instructed verdict upon the uncontradicted evidence. True, appellant requested such an instruction, and the refusal of the trial court to give it was urged as one of the grounds for a reversal of the judgment. But we did not determine on the former appeal as to whether the court erred in that particular. It is true that in the former opinion we said: "It was the peculiar province of the

jury to determine from the testimony the extent to which Pitts was acting for the defendant and was carrying out its directions, and to what extent he was performing service for the benefit of the contractors and under their direction and control.'' But this language was used in discussing the issue of law as to whether Pitts, being in the general employment and pay of the appellant as an inspector could, at the time of the injury to appellees, be in the particular service of the independent contractors so as to render them alone liable for his negligent act, which was the proximate cause of the injury to appellees.

It is the rule here, where the court reverses for errors in the rulings of the trial court not to dismiss the case where this court can see that the same may not have been fully developed as to the facts, and that additional facts might be adduced on another trial that might produce a different result. See *St. Louis, I. M. & S. Ry. Co.* v. *Davis,* 93 Ark. 484. In such cases we refrain from expressing an opinion on the facts and reverse the judgment and remand the cause for a new trial. Such was the case here on the former trial. We did not intend by the language quoted, *supra,* to express any opinion as to the weight or effect of the evidence and the language of the opinion, in connection with the subject matter under discussion, should not be held as the law of the case on the issue as to whether or not the appellant was entitled to an instructed verdict.

In the cases of *McDonough* v. *Williams,* 86 Ark. 607, and *Lewis* v. *Jones,* 97 Ark. 147, relied on by counsel for appellees, this court on the first appeal in those cases had expressly decided the question as to whether or not the evidence was sufficient to sustain the verdict, and the evidence being the same on the second appeal, we held that what was said on that particular issue on the first appeal was the law of the case. Those cases do not apply here for the reason, already stated, that the court did not, on the first appeal, in this case, pass upon the question as to whether or not the appellant was entitled to an instructed verdict, and the language quoted and relied on by appel-

lees was not intended to express any opinion on that subject.   A case more nearly like the present one is that of *Waters-Pierce Oil Co.* v. *Bridwell,* 103 Ark. 345, on first appeal, and 107 Ark. 310, on second appeal.

When the causes, on the former appeal, were reversed and remanded for a new trial, the court again submitted the issue to the jury as to whether or not Pitts was a servant of the defendant at the time of appellees' injuries so as to render the appellant liable for his alleged negligent act, and after the testimony was fully developed the appellant asked the court again to instruct the jury to return a verdict in its favor, which the court refused, and this is the only ground which appellant urges here for reversal.

Practically the same testimony, by the same witnesses, was adduced on the last trial as at the first, except the testimony of a witness named Barger.  He testified that he was present on the day of the accident, working for Booth & Flinn.  Flaharty was their head boss. Witness heard Flaharty tell one of his men not to have anything to do with turning on the gas, but to let Pitts handle it himself.  This testimony of Barger does not make any conflict in the evidence on the issue as to whether Pitts, at the time of his negligent act, was, as to that act, the servant of the appellant, or of the independent contractors. The uncontroverted evidence showed that only the inspector of appellant could turn the gas on and off.  But the undisputed evidence also showed that when the work of repairing leaks was being done, Pitts, in turning the gas off and on, was under the direction and control of the independent contractors, and for that special service was their servant.

We have carefully examined the testimony of all the witnesses, and it could serve no useful purpose to set it out and discuss it in detail.  We are of the opinion that the uncontroverted evidence shows that the independent contractors, at the time of the injury to appellees, were engaged in the work of repairing leaks in the gas pipe line that had been laid by them; that Pitts was negligent

in leaving the gas turned on; that in turning the gas on and off for the purpose of enabling the contractors to repair the leaks Pitts was in their service in that particular work, and acting for them, and was under their direction and control, and his negligent act in allowing the gas to accumulate and remain in the pipes so long that it caused the explosion was the act of the independent contractors, and for which appellant is not liable.

The uncontradicted proof is that appellant had already inspected the line for leaks and had discovered this leak and had reported the same to the contractors in order that they might repair the same; that their duty to repair then commenced, and the injury to appellees was caused by the work of repair, and not the work of inspection. The work of inspection for the discovery of leaks under the undisputed evidence, devolved on appellants; but the duty of repairing the leaks, under the contract, was the duty of the independent contractors. To properly perform this duty, the undisputed evidence shows that it was necessary for them to have the gas turned on and off, and the appellant's inspectors turned the gas on and off in the work of repair only as they were directed to do so by the contractors. It was the duty of the independent contractors, as we view the evidence, to direct as to the time when the gas should be turned on and when it should be turned off in the work of repairing leaks.

The court, therefore, should have instructed the jury as requested by the appellant, to return a verdict in its favor, and for the error in not doing so the judgments are reversed and the facts now appearing to have been fully developed, the causes are dismissed.