JONESBORO, LAKE CITY & EASTERN RAILROAD COMPANY v.
ASHABRANNER.

Opinion delivered March 8, 1915.

1. DAMAGES—DAMAGE TO LAND—EVIDENCE OF AN OFFER TO PURCHASE.
—In an action for damages to land caused by an act of defendant, an isolated statement of a witness as to an offer made for the same, without showing under what circumstances the offer was made, is not of itself competent testimony to establish value.

2. APPEAL AND ERROR—INCOMPETENT TESTIMONY—VALUE OF LAND—HARMLESS ERROR.—The error of the trial court, in permitting plaintiff, in an action for damages to his land, to state what he had been offered for the same, will be held harmless, when the verdict of the jury, assessing damages, was below what the preponderance of the evidence in the whole case showed the damages to be.

3. EVIDENCE—DAMAGES TO LAND—OPINION OF OWNER.—In an action for damages to land caused by overflow, the opinion of the owner, who resided on the land damaged, as to the amount of the damage, is admissible.

Appeal from Mississippi Circuit Court, Chickasawba District; W. J. Driver, Judge; affirmed.

*Coleman, Lewis & Cunningham,* for appellant.

The court erred in permitting appellee to testify that she had been offered a certain price for her land, and in refusing to strike that part of her testimony from the record. 15 L. R. A. 591, and cases cited; 27 Mich. 386; 15 Enc. Ev. 451-H and note. The testimony was hearsay and incompetent.

A witness is not permitted to estimate the amount of damages; that is the province of the jury. 67 Ark. 375; 59 Ark. 105, and cases cited; 62 Ark. 218; 68 Ark. 222; 70 Ark. 406.

Additional elements of damages not contemplated in the original suit were introduced, which was error calling for reversal. 70 Ark. 319; 59 N. Y. 267; 75 Ark. 183; 75 Ark. 468, and cases cited; 85 Ark. 322.

The measure of damages caused by the destruction of appellee's road crossing would be the cost of constructing a new one. 3 Elliott on Railroads, art. 1141; and for damages occasioned by stagnation of water, the depreciation of the usable value of the land. 92 Ark. 545; 95 Ark. 302.

The verdict is contrary to law and excessive.

*Appellee, pro se.*

The court properly instructed the jury that they were only to consider the "fair and reasonable market value of the land," and the testimony of appellee as to the offer made her for the land, under the circumstances, was not prejudicial.

There was no error in refusing to strike appellee's testimony as to the amount she was damaged, as it was based on facts described. The same is true of her other witnesses. As to who are competent to give opinions on matters of such damages large discretion is allowed the trial court. 103 Ark. 403; 160 S. W. 855; 101 Ark. 47; 44 Ark. 106; 91 Ark. 128; 39 Ark. 172; 42 Ark. 381.

Damages were assessed at the lowest estimate of any witness, and the improper evidence of appellee was not prejudicial. 95 Ark. 209; 97 Ark. 226; 95 Ark. 123.

The testimony as to the damage to the land caused by appellant's act was not prejudicial, the jury having

been instructed as to the proper measure of damages. 13 L. R. A. (N. S.) 237; 71 Ark. 189; 16 Pac. 75; 44 Ark. 258; 45 Ark. 252.

Instruction No. 1, requested by appellant, is not the law. Other refused instructions were covered by those already given by the court. The verdict is not excessive.

McCulloch, C. J. The plaintiff, Caroline Ashabranner, owns a tract of land in Mississippi County, containing eighty acres, and in the year 1901 she conveyed to the defendant railroad company a right-of-way one hundred feet wide through the land. She instituted this action against the company, alleging that in the year 1912 the company dug a pond or ditch along the right-of-way which interfered with the use of a roadway over her farm, and also caused stagnant water to stand in the pond or ditch, which inflicted serious damage and depreciated the value of her land. The case was tried before a jury, and numerous witnesses were introduced, who testified, showing a familiarity with the plaintiff's land and the condition of the ditch or pond, and they fixed the damage to the land at various sums running from five hundred to a thousand dollars. The jury awarded damages in the sum of $500. It is claimed that this is excessive, but upon consideration of the evidence we are of the opinion that there was enough to justify that estimate of the damages.

(1-2) The evidence shows that the ditch or pond was about 300 feet long, and an average width of about fifty feet, and about six feet deep. The evidence shows that water stood in the excavation and became stagnant, and that the plaintiff's land was injured on account of the destruction of the roadway and the proximity to the houses on her farm. Upon consideration of the whole evidence, we are not able to say that the jury should have rejected the testimony of the witnesses and adopted a lower estimate of the damages. The plaintiff herself testified, and upon being asked the value of her land, stated that she did not know what it was worth, but that she had been offered $125 per acre for it. Objection was made to that testimony, and the court, after admonishing the plaintiff that she must confine herself to a statement of

what the reasonable market value of the land was, over-
ruled the objection of the defendant, and held that the
jury might consider the testimony in estimating the mar-
ket value of the land. Other witnesses fixed the value of
the land at from $75 to $100 per acre. It is unnecessary
for us to enter into any discussion of the law as to when
or under what circumstances proof of offers to pur-
chase land at stated prices may, if at all, be considered
in estimating value, but it must be conceded that an iso-
lated statement of a witness as to an offer, without show-
ing under what circumstances the offer made, is not of
itself competent testimony to establish value. That was
all this statement of the plaintiff amounted to, and we
think the court was in error in letting it go to the jury;
but we are unable to discover any possible prejudice aris-
ing from the error. The amount of the damage was so
small, in proportion to the value of the land, as shown by
the undisputed evidence, that we can not see how any
prejudice could have resulted in allowing the plaintiff
to make a statement concerning an offer for the purchase
of the land. The lowest price placed upon the land by
any of the witnesses was $75 an acre, or $6,000 for the
eighty-acre tract, and some of them put it as high as $100
an acre. The statement of the plaintiff as to the value
could have had very little weight with the jury in view
of the testimony of other witnesses who testified on the
subject. We think the verdict should not be disturbed
simply because the court made an error in allowing the
plaintiff to make the statement about the offer she had
had for the land.

(3) The plaintiff also testified, giving her opinion
as to the extent of the injury to the land, and there was a
motion made to exclude that testimony from the consid-
eration of the jury. Much latitude and discretion is al-
lowed in the trial court in permitting witness to give
opinion as to value of land and the extent of the deprecia-
tion thereof, for, after all, it is but the opinion of the wit-
ness. Plaintiff resided on the land and was familiar with
the conditions, and we think the court was justified in al-
lowing her to state her opinion of the extent of the injury

to the land and the depreciation in the value thereof. The verdict was much less than it would have been if the jury had accepted the estimates of several other witnesses, and doubtless little weight was given to the testimony of the plaintiff herself, but we think there was no error in allowing her to state her opinion as to the extent of the damage, coupled with her description of the manner in which the injury was inflicted.

It is contended that plaintiff was allowed to prove elements of damage not set forth in the complaint, but we think the allegations of the complaint were sufficient to let in all the proof tending to show damage.

There are assignments in regard to instructions given, but we think there was no error in that respect.

Judgment affirmed.