UNITED TRANSPORTS, INC. *v.* JOHNSON.

4-8891                                    220 S. W. 2d 814

Opinion delivered May 30, 1949.

---

[4] The quoted words are from § 13884, Pope's Digest, and § 84-1121 Ark. Stats. of 1947.

*Louis Tarlowski,* for appellant,

*G. W. Lookadoo,* for appellee.

Holt, J.   Appellee, Buster Johnson, sued appellant, United Transports, Inc., to compensate personal injuries and property damage alleged to have been received when appellee's automobile truck was, by appellant's negligence, forced off the highway, upset and burned.   He specifically alleged $1,500 damages to his truck, which he claimed was a total loss, and claimed $3,000 as total damages to his truck and to his person.   Appellant interposed a general denial and specifically pleaded contributory negligence of appellee as a bar to recovery.

A jury trial resulted in a verdict for appellee in the amount of $3,000.

For reversal, appellant contends that (1) the evidence was insufficient to support the verdict and judgment, (2) the court erred in giving appellee's instruction No. 2, (3) "the court erred in giving appellee's instruction No. 5 on the measure of damages and value of the destroyed truck," and (4) that the verdict was excessive.

—(1)—

The mishap occurred at about 3:30 a. m., July 6, 1948, on U. S. paved Highway 67, a few miles north of Arkadelphia.   Shortly before this mishap, and near the point where it occurred, another truck and a passenger automobile had collided, partially obstructing the highway, and following on the heels of this collision some of appellant's trucks, carrying and transporting automobiles, came upon the scene and parked, some partly on the west side, and others partly on the east side of the highway pavement.   Appellant's drivers placed a flare in front and one in the rear of their trucks to warn or signal approaching traffic.   A short time thereafter, appellee came upon the scene, driving a truck south, enroute to Texarkana.   The evidence tends to show that in endeavoring to stop his truck, appellee went off the highway, and turned over, resulting not only in personal

injuries to himself, but in the complete destruction of his truck by fire.

Appellee testified that he did not see the signal flare until too late to stop for the reason that some of appellant's drivers were sitting on the highway in a position that concealed the flare. The testimony of Charles Fowler, riding with him at the time, tended to corroborate appellee's version. Fowler testified: "A. Well, we were coming along the road there, and I guess—I don't know—we ran right up on them before they tried to stop us or give us any warning, and there were some men sitting there in the road in front of a flare and I guess we got up to about forty feet of them, and they jumped up and started trying to stop us and we didn't have time to stop."

There was evidence that appellant failed to park its trucks on the highway in the manner required by Arkansas Statute (1947), § 75-647, which provides: "In every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 300 feet in each direction upon such highway."

On all the evidence presented, appellant insists that it was entitled to a peremptory instruction. We cannot agree. In viewing all the testimony, we must consider it in its most favorable aspect to appellee, it being the province of the jury to pass upon its weight. ( *Aluminum Co. of North America* v. *Ramsey,* 89 Ark. 522, 117 S. W. 568.)

When so considered, we are unable to say as a matter of law that there was no substantial evidence that warranted a verdict in appellee's favor.

—(2)—

There was no error in giving appellee's instruction No. 2, which reads: "You are instructed that in this case, if you find from a preponderance of the evidence

that the plaintiff, while in the exercise of due care for his own safety, was forced to bring his truck to a sudden stop and in so doing overturned his truck and damaged it, and suffered personal injuries as alleged in his complaint, because of the negligence of the defendant in stopping its truck at the time and place where it was stopped, when it was practical to stop off said highway, and its negligent failure to keep at least twenty feet of such part of the highway opposite such standing vehicle for the passage of plaintiff's truck and without making a clear view of such stopped vehicle available from a distance of three hundred feet to the north of said truck, you will find for the plaintiff.''

Appellant objected generally and specifically ''for the reason that it failed to take into consideration the question of contributory negligence of the plaintiff. The instruction ends with the phrase, 'you will find for the plaintiff,' without specifically telling the jury they must consider the contributory negligence of the plaintiff.''

We do not agree that this instruction failed to take into consideration appellant's defense of contributory negligence for the reason that such negligence is clearly covered by that part of the instruction which required that appellee, at the time of the injuries complained of, be ''in the exercise of due care for his own safety.'' Obviously, appellee could not have been guilty of contributory negligence if he were exercising, at the time, due care for his own safety. (*Aluminum Co. of N. A.* v. *Ramsey, supra.*)

—(3)—

Appellant's third contention is meritorious and must be sustained.

It appears that the court in its instruction No. 5 correctly told the jury, on the measure of damage to appellee's truck, ''that the damage to his truck, if any, would be the difference between a fair and reasonable market value of the truck immediately prior to the accident and a fair and reasonable market value of the truck immediately after the accident.''

Appellant specifically objected to this instruction "for the reason that there is no testimony to support this instruction, except that of the plaintiff as to an offer to buy his vehicle."

The only testimony in the record on the damages to the truck appears to be that of appellee alone, which is as follows: "Q. Now, Mr. Johnson, did you know the value of your truck before it burned? A. Well, I cannot buy one back for less than fifteen hundred dollars. Q. What kind of truck was it? A. 1942 Chevrolet truck. Q. A ton and a half truck? A. Yes, sir, bob truck. Q. What is the value of the truck since the fire? A. It hasn't any value to it. It burned up. Q. It completely burned up? A. Yes, sir. Q. It was a total loss? A. Yes, sir. Q. I would like for you to be definite, if you know, about the value of the truck just before it caught on fire and burned up—if you can, state what the value of it was? A. About $1,400," and upon cross-examination, appellee testified: "Q. How did you arrive at the value of the truck you stated while ago? A. I had been trying to sell it. Before that I was working with Harding College, and they gave me a five year job with them, and I decided to sell it. Q. How did you arrive at the value of the truck? A. Because a man offered me $1,400 for it."

The effect of this testimony is that appellee based the value of the truck in question at $1,400 solely "because a man offered me $1,400 for it." This evidence of an isolated offer, however, standing alone as it does is not sufficient to establish market value. Such was the effect of our holding in the recent case of *Golenternek* v. *Kurth*, 213 Ark. 643, 212 S. W. 2d 14, 3 A. L. R. 2d 593. We there said: "The measure of damages—in a case such as this one—is the difference between the market value of the car immediately prior to the injury and the market value immediately after the injury. See Kane v. Carper-Dover Merc. Co., 206 Ark. 674, 177 S. W. 2d 41, and cases there cited. The plaintiff testified that she had been offered $1,500 for the car prior to the collision, and that $800 was the best offer she received after the collision. But this evidence of isolated offers cannot in itself—and it

stands alone in this case—be used by the plaintiff to establish market value. Jonesboro Etc. R. Co. v. Ashabranner, 117 Ark. 317, 174 S. W. 548. In 20 Am. Juris. 341 it is stated: 'As a general rule, proof of mere offers to buy or sell * * * is not competent to show the value of such property.' " See, also, *Southern Bus Co.* v. *Simpson*, 214 Ark. 323, 215 S. W. 2d 699.

—(4)—

In view of our conclusions, it becomes unnecessary to determine whether the verdict was excessive.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.