HINTON *v.* BRYANT.

339 S. W. 2d 621

Opinion delivered November 7, 1960.

*Duty & Duty,* for appellant.

*Davis & Mills,* for appellees.

GEORGE ROSE SMITH, J. This is an action by the appellees, who purchased a ten-acre tract of land from the appellant, to recover the value of a set of platform scales that were on the land at the time of the conveyance. The appellees insist that the scales were fixtures passing with the land, while the appellant contends that they were personal property that might later be removed by the grantor. The trial court, sitting without a jury, found the scales to have been part of the realty and therefore awarded the appellees a judgment for $500 as damages for the appellant's wrongful removal of the property.

The court was right in holding the device to be part of the land. The scales were used for the weighing of trucks and consisted principally of a platform thirty-four feet long and ten feet wide. This platform was suspended over an excavation of commensurate size, thirty-eight inches deep and lined with concrete. There was also a scale house containing the indicating mechan-

ism. The removal of the platform left the land burdened with the large, useless, concrete-lined excavation. In *Waldo Fertilizer Works* v. *Dickens,* 206 Ark. 747, 177 S. W. 2d 398, upon substantially identical facts we held that the scales were fixtures that passed with a conveyance of the land. That case is controlling here.

The appellant is correct, however, in his contention that the circuit court erred in permitting the introduction of incompetent evidence of the value of the scales. Over objection the court allowed Bryant to testify that two other men, Kendrick and Tyson, had tried to buy the scales from him, each offering $500. The court must have relied upon this testimony, as there is very little other proof of value, and indeed no other reference to the exact figure adopted by the court.

Isolated offers for the purchase of property are not ordinarily competent evidence of its value. *Jonesboro, L. C. & E. R. R. Co.* v. *Ashabranner,* 117 Ark. 317, 174 S. W. 548; *Golenternek* v. *Kurth,* 213 Ark. 643, 212 S. W. 2d 14, 3 A. L. R. 2d 593. Orgel, in discussing the rule, points out that such offers are mere hearsay declarations of third parties, not under oath and not subject to cross-examination. Orgel, Valuation Under Eminent Domain (2d Ed.), § 148.

The appellees suggest that their proof did not involve "isolated" offers, since there was evidence of two offers rather than only one. This fact does not meet the objection. As Wigmore indicates, a merchant or a stockbroker who repeatedly receives and either accepts or rejects offers in the regular course of business may thereby arrive at an admissible opinion of value. Wigmore, Evidence (3d Ed.), § 719. The testimony of such a witness represents an informed independent judgment and not the mere repetition of hearsay. In the case at bar, however, Bryant's testimony falls in the latter category and should have been excluded.

The appellant also complains that the appellees failed to show that he is legally responsible for the

removal of the scales, which were taken away by third persons not parties to this suit. We do not find it necessary to reach this question. Owing to the error indicated the case must be retried, and upon a new trial the plaintiffs may offer additional evidence tending to fix responsibility upon the appellant. When reversible error appears in a law case it is our practice to remand the cause for a new trial unless it appears that the case has been fully developed and should be dismissed. *Fidelity Mut. Life Ins. Co.* v. *Beck,* 84 Ark. 57, 104 S. W. 533, 1102; *Ark. Nat. Gas Co.* v. *Gallagher,* 111 Ark. 247, 163 S. W. 791. This cause will therefore be remanded for a new trial.

Reversed.

WARD, J., dissents.

PAUL WARD, Associate Justice, dissenting.

It appears to me that the majority opinion decides this case on an issue foreign to the one on which the case was tried and decided by the trial court.

It is true that the complaint is somewhat indefinite as to the exact theory on which appellees sought relief, but among other things, the complaint fairly states an action for *damages* to the land because of the removal of the scales from the scale house. Among other things, it is stated in the complaint that appellant gave appellees a deed containing a convenant of general warranty and that appellant or his privies removed the scales from the land. In plaintiffs' prayer they ask for ''the amount of $500 for permanent damages to the plaintiffs' 10 acre tract of land.''

There are several other things which indicate that the case was tried on this theory by the court sitting as a jury. ONE: The judgment of the court, found at page 17 of the record states: ''That the plaintiff do have and recover against the defendant, W. L. Hinton, judgment in the sum of $500 as *damages* to the premises for the removal of the platform scales.'' (Emphasis supplied.)

TWO: The record contains three pictures showing the scale house with the scales removed. These pictures would have no meaning if the plaintiffs were suing merely for the value of the scales. They do have meaning on the theory that the plaintiffs were suing for damages, either to the 10 acre tract or the scale house.

THREE: Several remarks by the court and by the attorneys indicate that this was a suit for damages to the property. At one time the attorney for appellant stated: "He's suing for damages and he's trying to set the value of this property by what the prices were on some scales that were quoted to him." Following this the court stated to appellees' attorney: "... you can state the value of the scales before and after the alleged removal. And what the scales *in toto,* their reasonable value before and after." Appellant's attorney replied: "That is right."

The only remaining question then is did appellees prove damages to the extent of the judgment—$500? It is clear to my mind, from the proceedings hereafter set out, that they did.

Q. "What is the value of the scale house, or what was the value of the scale house with the scales affixed thereto, in your opinion?" (The question was directed to Mr. Bryant.)

THE COURT: "Immediately before the alleged taking and immediately after, those are the essential elements."

MR. DUTY: "Object to the question. He hasn't qualified as an expert."

THE COURT: "He can—as owner of the property, he can state the value. It can be rebutted by experts. . ."

A. "I would say $2,000.00."

Q. "And what, in your opinion, is the value of the scale house without the scale?"

A. "It's more a liability than it is an asset at the present time."

In my opinion the above testimony was admissible as competent evidence on the theory of damages. It was not rebutted or denied, and it sustains the judgment of the court in the amount of $500.

Under this theory of the case the testimony regarding the offer by two people to pay $500 for the scale was inadmissible but it merely constituted harmless error on the part of the court. I would affirm the case.